IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RON HUNT**<br>1200 Golf Course Drive<br>Mitchellville, MD 20721<br><br>      Plaintiff<br><br>v.<br><br>**RITZ CABARET**<br>a/k/a **TRACY' S INC.**<br><br>and<br><br>**FRANCIS LEE**<br><br>      Defendants. | Civil Action No.: L02-CV 2523 |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

COMES NOW, Plaintiff Ron Hunt, by and through counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby submits this Motion for Default Judgment against Defendant Tracy's Inc.

Plaintiff's arguments are more fully set forth in the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment.

Respectfully submitted,

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. 14639

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RON HUNT**<br>1200 Golf Course Drive<br>Mitchellville, MD 20721<br><br>     Plaintiff<br><br>v.<br><br>**RITZ CABARET**<br>a/k/a TRACY' S INC.<br><br>and<br><br>**FRANCIS LEE**<br><br>     Defendants. | Civil Action No.: L02-CV 2523 |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

1.    COMES NOW, Plaintiff Ron Hunt, as represented by counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby files this Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment, pursuant to Fed. R. Civ. P. 55 (b)(2).

**FACTS**

2.    Fourth Circuit decisions offer ample support for upholding default judgment against properly served defendants. As reasons supporting a finding for default judgment in the instant case, Plaintiff states as follows:

3.    The Complaint states three counts on which the claim is based including unlawful discrimination, violation of 42 USC § 1982, violation of 42 USC § 1981 and defamation.

4.	According to the procedures of service as confirmed by Ms. Better Chase, legal secretary of the Department of Assessment and Taxation for the State of Maryland, the state was served on behalf of the Defendant Tracy's Inc., to the Department of Assessment and Taxation for the State of Maryland on October 29, 2002, by issuing proof of two failed attempts of service to the registered agent, two copies of the summons and a fifteen-dollar fee.  *See Exhibit A1, Affidavit of Kayla Hall, Exhibit A2, Receipt of Service from Legal Documents Express Couriers and Exhibit A3, the Notice of Summons*.   Notice was also published through an article entitled "Businessman Claims Discrimination in Lawsuit over Fells Point Nightclub," which was run in the Baltimore Sun on August 1, 2002.  The article describes the offer by Plaintiff Hunt to purchase the failing establishment, which had been for sale for over a year.  The facilities were used as part of a money laundering scam and a workplace for illegal immigrants.  *See Exhibit B, News Article*.

6.	As of April 7, 2003, the Defendant has not answered the complaint submitted by the Plaintiff nor made any motions or otherwise as required by Federal Rule of Civil Procedure 12 (a).

7.	In not answering the Complaint, the Defendant has failed to plead or defend against being held liable for the claims stipulated in the Complaint.

8.	On March 26, 2003, this Court ordered Plaintiff to file and serve to Tracy's, Inc. a motion for entry of Default Judgment by the Clerk.

**ARGUMENT**

9.	In <u>Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia</u>, this Court set a two-fold test as to whether a default judgment should be granted for an unanswered complaint.  523 F. Supp. 1076 (M.D. Dist. Sept. 25, 1981).  The Court asked (1) whether the service conformed with the relevant Maryland statutes and rules; and (2) if so, whether such service afforded the defendant due process of law.  <u>Id</u>. at 9.

10. In the instant case, Plaintiff Hunt has gone above and beyond the requirements of the two-pronged Jardine test. Plaintiff Hunt served the state by courier on behalf of the defendant according to the state procedures and Plaintiff Hunt has waited multiple times over the required twenty-day limit for an answer to be filed.

11. In Trevino v. D. H. Kim Enters, 168 F.R.D. 181, this Court granted a motion for default judgment against the Defendant whose agent had been served with the complaint against it, yet who failed to reply within the established timeframe. Plaintiff Hunt attempted to service the registered agent. After the two failed efforts, the state was served on behalf of the Defendant Tracy's Inc., to the Department of Assessment and Taxation for the State of Maryland on October 29, 2002, by issuing proof of the two failed attempts of service to the registered agent, two copies of the summons and a fifteen-dollar fee. Notice of the suit was also published in the Baltimore Sun as of August 1, 2002. Over six months after service, the Defendant as of April 7, 2003, is yet to answer the complaint by Plaintiff Hunt.

12. In addition, this court has also considered surrounding circumstances and supporting information to confirm public interest in default judgment against wrongful Defendants such as Tracy's Inc. FTC v. Couture School of Modeling, Inc. 1900 U.S. Dist. Lexis 4129. (M.D. Dist. March 22, 1990). The circumstances call for justice to Plaintiff Hunt. Plaintiff Hunt was discriminated against based on his race and public justice demands that the Defendant, Tracy's Inc., answer for its behavior and not be allowed to go unpunished by avoiding service.

13. Finally, in Esteppe v. Patapsco & Back Rivers R.R. Co.., 2001 U.S. Dist. Lexis 7112 at 9 (M.D. Dist. May 31, 2001), where the Defendant failed to answer the complaint, this Court set a standard of reasonable promptness and meritorious defense that the Defendant must meet in order to overcome default judgment.

14. In the instant case, the Defendant has ignored the guidance of this Court and has shown blatant disregarded for the discovery deadlines. Defendant Tracy's Inc. has ignored service for over six months and as of April 7, 2003, has still failed to answer the complaint against it.

15. The District Court of the Eastern District of Virginia has also followed the pattern of granting default motions against defendants who fail to answer after plaintiffs provide proper service. In <u>Philip Morris, Inc. v. Midwest Tobacco, Inc</u>, 1989 U.S. Dist. Lexis 10699, the District Court held that there was effective service of process and notice of the proceedings as the secretary of state was served on behalf of the Defendant. (V.A. Dist. Sept. 11, 1989).

16. In a case with facts similar to those of the instant case, the state Supreme Court of West Virginia upheld a default judgment against the appellant who failed to submit a timely answer. <u>Lee v. Gentlemen's Club, Inc</u>., 208 W. Va. 564, Dec.1, 2000.

17. In <u>Lee</u>, the appellee sued after he was injured when he exited appellant's gentlemen's club through a door that led to an immediate five-foot drop. 208 W. Va. 564. The appellee sent notice of retention of counsel to appellant, which was returned unclaimed. The secretary of state accepted service of process, and forwarded it to appellant via certified mail. Process was also returned "unclaimed." The appellee moved for entry of default, which was granted. After a hearing, default judgment was entered against the appellant. The state Supreme Court found that the appellant failed to state or present evidence of any mistake, inadvertence, surprise, excusable neglect, or unavoidable cause for its failure to answer the complaint and further held that appellee's intransigence, by intentionally ignoring certified letters, mitigated against vacation of the default judgment. <u>Id</u>.

18. Plaintiff Hunt was harmed by a gentleman's club as was the Plaintiff in <u>Lee v. Gentlemen's Club, Inc</u>. 208 W. Va. 564, Dec.1, 2000. Default judgment for Plaintiff Hunt

would not prejudice the defendant as Tracy's Inc. ignored certified letters and disregarded process as did the club in Lee.  Id.

19.     The West Virginia Supreme Court also upheld service in Monterre, Inc. v. Occoquan Land Development, 189 W. Va. 183, Mar. 25, 1993, where the defendant was served under principles established for extra-judicial documents in civil or commercial matters as signed at the Hague.  As in the instant case, the filing of service complied with the guidelines in the state code.  After a hearing, the court found that the Defendant had not shown good cause and refused to set aside the default judgment after receiving over thirty days to answer the filed complaint.  Therefore, the two-prong test established by this Court was met in the instant case as the service was proper and the Defendant had ample time to reply.

## **CONCLUSION**

20.     WHEREFORE, the Plaintiff, by and through his counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., respectfully requests that this Court find that the facts designated in the Complaint shall be taken to be established for the purposes of this action and enter a Default Judgment against the Defendant for its failure to plead or defend against the claims stated in the Complaint entered on behalf of the Plaintiff.

        Respectfully submitted,

        Jimmy A. Bell, Esq.
        Law Office of Jimmy A. Bell, P.C.
        9610 Marlboro Pike
        Upper Marlboro, MD 20772
        (301) 599-7620
        (301) 599-7623 (Fax)
        Bar No. 14639

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 8th day of April, 2003, a true copy of the foregoing Motion for Default Judgment was hand-delivered by courier to:

Office of Taxation for the State of Maryland
301 W. Preston St.
Baltimore, MD 21201-2395

Ritz Cabaret
a.k.a. Tracy's Inc.
504 S. Broadway
Baltimore, MD 21231

_____
Jimmy A. Bell, Esq.

IN UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **RON HUNT**<br>1200 Golf Course Drive<br>Mitchellville, MD 20721<br><br>    Plaintiff<br><br>v.<br><br>**RITZ CABARET**<br>**a/k/a TRACY INC.**<br><br>and<br><br>**FRANCIS LEE**<br><br>    Defendants. | Civil Action No.: L02-CV 2523 |

## ORDER

Upon consideration of the Memorandum in Support of Plaintiff's Motion for Default Judgment against Tracy's Inc., and any opposition thereto, and in the interests of justice, it is hereby this _____ day of _____, 2003,

**ORDERED,** that Plaintiff's Motion for Default Judgment against Tracy's Inc. in the amount of $10, 005, 200, to include attorney's fees and court costs, is **GRANTED,** and

**FURTHER ORDERED**, by the United States District Court for the District of Maryland that the Defendant shall be deemed to have admitted the facts stipulated in the Complaint as of the date of this Order.

_____
JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RON HUNT**<br>1200 Golf Course Drive<br>Mitchellville, MD 20721<br><br>        Plaintiff<br><br>v.<br><br>**RITZ CABARET**<br>**a/k/a TRACY INC.**<br><br>and<br><br>**FRANCIS LEE**<br><br>        Defendants. | Civil Action No.: L02-CV 2523 |

## **CERTIFICATE OF GOOD FAITH**

COMES NOW Plaintiff, Ronald Hunt, by and through his counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby files this Certificate of Good Faith and states as follows:

1.      The Complaint states three counts on which the claim is based including unlawful discrimination, violation of 42 USC § 1982, violation of 42 USC § 1981 and defamation.

2.      According to the procedures of service as confirmed by Ms. Better Chase, legal secretary for the state, service was properly received on behalf of the Defendant Tracy's Inc. by the Department of Assessment and Taxation for the State of Maryland on October 29, 2002. Proof of two failed attempts of service to the registered agent were submitted to the state, two copies of the summons were entered and the fifteen-dollar fee was paid to the state. *See Exhibits A1-A3*.

8

3. Notice was also published through an article entitled "Businessman Claims Discrimination in Lawsuit over Fells Point Nightclub," which was run in the Baltimore Sun on August 1, 2002. The article describes Plaintiff Hunt's offer to purchase the failing establishment, which had been for sale for over a year. The facilities were used as part of a money laundering scam and a workplace for illegal immigrants. *See Exhibit B*.

4. As of April 7, 2003, the Defendant has not answered the complaint submitted by the Plaintiff nor made any motions or otherwise as required by Federal Rule of Civil Procedure 12 (a).

5. In not answering the Complaint, the Defendant has failed to plead or defend against being held liable for the claims stipulated in the Complaint.

6. A copy of the Memorandum in Support of Plaintiff's Motion for Default Judgment will be hand-delivered by courier to Tracy's Inc., 504 S. Broadway, Baltimore, MD 21231 and to the Office of Taxation for the State of Maryland 301 W. Preston St. Baltimore, MD 21201-2395 on April 8, 2003.

WHEREFORE, the Plaintiff, as represented by counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., represents that he has made good faith attempts to resolve this matter and that, to date, has been unable to do so.

Respectfully submitted,

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. 14639