IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RON HUNT** <br> 1200 Golf Course Drive <br> Mitchellville, MD 20721 <br> 2523 <br><br> Plaintiff <br><br> v. <br><br> **RITZ CABARET** <br> a/k/a **TRACEY'S INC.** <br><br> and <br><br> **FRANCIS LEE** <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No.: L02-CV |

## MOTION TO WITHDRAW REQUEST FOR DEFAULT JUDGMENT

COMES NOW, Plaintiff Ron Hunt, by and through his counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully files this Motion to Withdraw Plaintiff's Request for Default Judgment. For reasons more fully stated in the accompanying Memorandum of Points of Authority in Support of Plaintiff's Motion to Withdraw Request for Default Judgment, Plaintiff asks this Court to grant Plaintiff's Motion to Withdraw Request for Default Judgment.

1

Respectfully submitted,


Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. 14639

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RON HUNT** <br> 1200 Golf Course Drive <br> Mitchellville, MD 20721 <br><br> Plaintiff <br><br> v. <br><br> **RITZ CABARET** <br> a/k/a **TRACEY'S INC.** <br><br> and <br><br> **FRANCIS LEE** <br><br> Defendants. | Civil Action No.: L02-CV 2523 |

**MEMORANDUM OF POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW REQUEST FOR DEFAULT JUDGMENT**

COMES NOW, Plaintiff Ron Hunt, by and through his counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully files this Motion to Withdraw Plaintiff's Request for Default Judgment. For cause, Plaintiff states as follows:

1. On July 31, 2002, Plaintiff filed a complaint against the Defendant Ritz Cabaret, also known as Tracey's, Inc., and its owner Francis Lee.

2. On August 19, 2002 Plaintiff amended the complaint alleging unlawful discrimination, violation of 42 USC § 1982, violation of 42 USC § 1981 and defamation.

3. At the time of filing the above Complaints, the Plaintiff did not know the whereabouts of the Defendant, Francis Lee. Plaintiff only knew that according to an article in the <u>Baltimore Sun</u>

run on August 1, 2002, Francis Lee was convicted of running a money laundering scheme from the Ritz Cabaret and hiring illegal Hungarian immigrants as dancers.

4.  Plaintiff's courier unsuccessfully attempted to serve the Defendant, Francis Lee, on two occasions.

5.  On October 29, 2002, Plaintiff was finally able to serve the Defendant by serving the Maryland Department of Assessment and Taxation.

6.  On March 26, 2003, this Court issued an order requiring the Plaintiff to show cause why the complaint should not be dismissed as to Francis Lee and to submit an order for default and default judgment against the Defendant.

7.  Pursuant to the order issued on March 26, 2003, on April 10, 2003, Plaintiff filed a Request for Default Judgment against the Defendant.

8.  After filing the Request for Default Judgment, Plaintiff learned that, by a final order of the District Court of Maryland, dated August 30, 2002, the Ritz Cabaret was forfeited to the United States of America.

9.  As stated above, according to the Baltimore Sun article run on August 1, 2002, Francis Lee was convicted of running a money laundering scheme from the Ritz Cabaret and hiring illegal Hungarian immigrants as dancers.

10. The United States government is entitled to restrain all property that is connected to a crime under the money laundering statute, 18 U.S.C.S. § 982 (a)(1). This statute is defined broadly to include funds that facilitate money laundering and all profits or property that are connected to illegal activity.  United States v. Barajas, 200 F. Supp. 2d 575. (4th Cir. 2000).

11. In United States, v. McHann, 101 F.3d 1027, 42 (4th Cir. 1996), where the defendant was

accused of distribution of marijuana and attempting to cleverly distribute the money in ways that were difficult to trace, the Fourth Circuit concluded that the court may order forfeiture for property even if it has been transferred to a third party.

12. The government is entitled to a personal judgment against a defendant for the total amount of illegal proceeds obtained by the defendant as a result of an illegal offense, regardless of whether the defendant is still in possession of the proceeds.

13. Because the United States District Court issued a final order forfeiting the Ritz to the United States government on August 30, 2002, Plaintiff Hunt withdraws his claim for default judgment against Defendant Lee.

14. Wherefore, Plaintiff Hunt withdraws his Request for Default Judgment.

Respectfully submitted,

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. 14639

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this _____ day of April, 2003, a true copy of the foregoing Motion to Withdraw Plaintiff's Request for Default Judgment was hand-delivered by courier to:

Maryland Department of Assessment and Taxation
301 W. Preston St.
Baltimore, MD 21201-2395

Ritz Cabaret
a.k.a. Tracey's Inc.
504 S. Broadway
Baltimore, MD 21231

_____
Jimmy A. Bell, Esq.

IN UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **RON HUNT** <br> 1200 Golf Course Drive <br> Mitchellville, MD 20721 <br><br> Plaintiff <br><br> v. <br><br> **RITZ CABARET** <br> **a/k/a TRACY INC.** <br><br> and <br><br> **FRANCIS LEE** <br><br> Defendants. | Civil Action No.: L02-CV 2523 |

## ORDER

Upon consideration of Plaintiff's Motion to Withdraw Affidavit for Default Judgment against Tracey's Inc., and any opposition thereto, and in the interests of justice, it is hereby this _____ day of _____, 2003,

**ORDERED,** that Plaintiff's Motion to Withdraw Plaintiff's Request for Default Judgment against Tracey's Inc. is **GRANTED**.

_____
Judge William D. Quarles
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RON HUNT**<br>1200 Golf Course Drive<br>Mitchellville, MD 20721<br><br>    Plaintiff<br><br>v.<br><br>**RITZ CABARET**<br>**a/k/a TRACY INC.**<br><br>and<br><br>**FRANCIS LEE**<br><br>    Defendants. | Civil Action No.: L02-CV 2523 |

## CERTIFICATE OF GOOD FAITH

COMES NOW Plaintiff, Ronald Hunt, by and through his counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby files this Certificate of Good Faith and states as follows:

1. Plaintiff filed a complaint against the defendants Ritz Cabaret, also known as Tracey's, Inc., and its owner Francis Lee on July 31, 2002 and amended the complaint on August 19, 2002.

2. The complaint alleges unlawful discrimination, violation of 42 USC § 1982, violation of 42 USC § 1981 and defamation.

3. At the time, Plaintiff was unaware of the whereabouts of the Defendant.

4. According to the procedures of service as confirmed by Ms. Better Chase, legal secretary of the Department of Assessment and Taxation for the State of Maryland, the state was served on behalf of the Defendant, Tracey's Inc., to the Department of Assessment and Taxation for the

6

State of Maryland on October 29, 2002, by issuing proof of two failed attempts of service to the registered agent, two copies of the summons and a fifteen-dollar fee. *See Exhibit C, D and E.*

5. Under order of this Court issued on March 26, 2003, Plaintiff filed a Request for Default Judgment against the Defendant.

6. Plaintiff subsequently learned that, by a final order of the District Court of Maryland, The Ritz Cabaret was forfeited to the United States of America.

7. Plaintiff also became aware that the Defendant is currently incarcerated in a federal prison.

8. Research revealed that the government is entitled to restrain all property that is connected to the crime under the money laundering statute, <u>18 U.S.C.S. § 982</u> (a)(1).

9. According to an article run in the <u>Baltimore Sun</u> on August 1, 2002, Francis Lee was convicted of running a money laundering scheme from the Ritz Cabaret and hiring illegal Hungarian immigrants as dancers.

10. Thus, the government is entitled to a personal judgment against a defendant for the total amount of illegal proceeds obtained by the defendant as a result of an illegal offense, regardless of whether the defendant is still in possession of the proceeds.

11. Plaintiff concedes that the Ritz Cabaret was properly seized by the government and does not contend that the forfeiture rises to the level of an unjustified taking.

12. Plaintiff withdraws his Request for Default Judgment.

WHEREFORE, the Plaintiff, as represented by counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., represents that he is making a good faith attempt to resolve this matter.

Respectfully submitted,

                                  Jimmy A. Bell, Esq.
                                  Law Office of Jimmy A. Bell, P.C.
                                  9610 Marlboro Pike
                                  Upper Marlboro, MD 20772
                                  (301) 599-7620
                                  (301) 599-7623 (Fax)
                                  Bar No. 14639