07/28/02  SUN 17:41  FAX 2024887465         Nexus Gold Club                              ☒002

## CONTRACT OF SALE

THIS CONTRACT OF SALE is made this 22 day of May, 2002 by and between FRANCIS LEE ("Seller") of the first part and PHILIP BAST GAGNE and DENNIS ALVIANI of the second part (jointly the "Buyer").

1. **SALE AND PURCHASE.** Seller agrees to sell to Buyer and Buyer agrees to buy from Seller a parcel of improved real estate located in Baltimore City, Maryland and known as 504 S Baltimore Street, Baltimore, Maryland 21231 ("the Property") upon the terms and conditions set forth in this Agreement.

2. **PROPERTY.** The Property is to be conveyed in fee simple with all appurtenances, rights, privileges, and easements and development rights benefitting, belonging or pertaining thereto, licenses and permits (if any), all right, title and interest of Seller in and to any land lying in the bed of any street, road or highway or other right-of-way whether existing or proposed, in front of or adjoining the Property.

3. **PURCHASE PRICE.** The total purchase price for the Property is Three Hundred Thousand ($300,000.00) Dollars.

4. **PAYMENT TERMS:**

    A. **DEPOSIT.** Prior At the time of execution herein, Buyer shall deposit the sum of Thirty Thousand ($30,000.00) Dollars. Said deposit shall be placed in a non interest bearing escrow fund with RICHARD KELLER, ESQUIRE, Attorney for the Seller which deposit shall be disbursed at settlement in conformity with the terms and conditions of this Contract.

9/02 SUN 17:42 FAX 2024887465     Nexus Gold Club                          @003
May 21 2002 9:19AM                                              No. 5071

B. **BALANCE AT SETTLEMENT.** The balance of the Purchase Price in the amount of Two Hundred Seventy Thousand ($270,000.00) shall be paid by the Buyer to the Seller at settlement as follows:

(1) The sum of Seventy Thousand ($70,000.00) Dollars shall be paid in certified or attorney escrow funds at settlement.

(2) The balance, Two Hundred Thousand ($200,000.00) Dollars shall be financed by Seller. Buyer shall execute a first priority mortgage in the aforesaid amount payable over a ten (10) year term. Interest on the loan shall be calculated at the rate of Eight (8%) for the first two years under the mortgage then ten (10%) percent for the balance of the term. Should Buyer not be able to obtain said financing, this Contract shall be void *ab initio* with a full return of deposit.

5. **SETTLEMENT:**

A. **DATE AND TIME.** Settlement shall take place in the office of the attorney for the Buyer, YERMAN & SMEDLEY, PA, 100 North Charles Street, Baltimore, Maryland 21201 or any other location as agreed upon by the parties in conjunction with the settlement of the business located in the premises and known as 'RITZ CABARET' but no later than seventy-five (75) days following the execution of this Contract; time being of the essence.

B. **DEED.** At settlement, a Deed for the real Property shall be executed by the Seller, which Deed shall convey the

2

07/28/02  SUN 17:42 FAX 2024887465      Nexus Gold Club                    ☒004
May 21 2002 9:19AM                                          No. 5070  P. 03

Property to the Buyer. The Deed shall contain special warranties and covenants of further assurances.

C.  **TITLE.** Title to the real Property shall be good and merchantable, free of liens and encumbrances except as specified herein and except: Use and occupancy restrictions or other matters of public record which are generally applicable to properties in the immediate neighborhood in which the Property is located and publicly recorded easements for public utilities and any other easements which may be observed by an inspection of the Property.

D.  **ADJUSTMENTS.** There shall be adjusted between the Seller and Buyer at settlement the following items:

(1). Real estate taxes, minor privilege taxes and any other pre-paid or unpaid tax relating to the property for the year in which settlement is held, as well as water charges.

(2). There shall be no apportionment of any insurance policies required to be made by the Buyer.

E.  **SETTLEMENT CHARGES.** The cost of all recordation and transfer taxes in connection with the sale and purchase of the Property and the conveyance shall be divided equally between the parties. All other costs and expenses attendant to Settlement hereunder, including costs for preparation of the deed, mortgage, normal and usual title company charges, title insurance premiums, title examination, survey costs and notary fees shall be at the cost of the Buyer; provided, however, that if upon examination, title of the Property shall be discovered

7/28/02  SUN 17:42 FAX 2024887465          Nexus Gold Club                          @005


not to be good and merchantable, meaning that a Title Insurance Company will not write a standard policy of title insurance for the Property, Buyer shall have the right to terminate this Agreement and recover their deposit and expenses, whereupon all parties shall be released from any further liability or obligation hereunder.

    F.    **TIME.** Time is of the essence and settlement shall take place as previously set forth.

    6.    **CASUALTY LOSS AND CONDEMNATION.** In the event that the Property or any substantial part thereof is damaged or destroyed by fire or other casualty, or in the event condemnation or eminent domain proceedings (or private purchase in lieu thereof) shall be commenced by any public or quasi-public authority having jurisdiction against all or any substantial part of the Property, then the Seller shall promptly notify the Buyer. The Buyer may, at its option by giving written notice to the Seller within thirty (30) days after receipt of notice of such casualty or condemnation proceedings, terminate this Contract and the full deposit shall be returned to the Buyer. In the event the Buyer does not elect to terminate this Contract, then all insurance proceeds and/or any awards in condemnation, as the case may be, shall be assigned to the Buyer at settlement. The Seller shall not adjust or settle any insurance claims or condemnation awards whatsoever without the prior written approval of the Buyer; further the Buyer and their counsel shall have the right prior to settlement to participate in all negotiations relating

contracgagne.wpd         4

07/28/02 SUN 17:43 FAX 2024887465    Nexus Gold Club    ☒006
May 21 2002 9:19AM

to any such insurance claims or condemnations awards.

7. **MAINTENANCE AND PROPERTY.** It shall be the obligation of the Seller to maintain the Property in the same condition as the Property is in as of the date hereof, reasonable wear and tear excepted. During the period between the date hereof and the date of settlement, Seller shall: (1) not become a party to any service contract or similar agreement with respect to or affecting the Property without the written consent of the Buyer; and (2) not mortgage or encumber the Property or any part thereof.

8. **RISK OF LOSS.** The Buyer will assume the risks of loss by reason of fire or other casualty on the date of settlement. Prior to settlement, the Seller will assume the risks of loss by reason of fire or other casualty.

9. **POSSESSION.** The Seller shall give possession of the Property to the Buyer on the date of settlement and shall permit the Buyer to have access thereto during normal business hours upon reasonable prior notice to Seller.

10. **SELLER'S DEFAULT.** If the Seller shall fail to perform its obligations to make full settlement in accordance with the terms hereof, or if the Seller make any misrepresentations in this Contract, or if the Seller otherwise breach this Contract, the Buyer may avail itself of the right of specific performance in addition to any remedies that may be available to it at law.

11. **BUYER'S DEFAULT.** If the Buyer shall be obligated

contracgagne.wpd                5

07/28/02 SUN 17:43 FAX 2024887465      Nexus Gold Club                    ☒007
MAY 21 2002 9:19AM

to proceed to settlement under the provisions of this Contract and shall fail to do so without justification, the Seller may pursue any remedies available at law or equity.

12. **NOTICES.** Any and all notices, requests or other communications required or permitted hereunder shall be deemed to have been duly given if in writing and if transmitted by hand delivery, or by registered or certified mail, return receipt requested, and first class prepaid, as follows:

To Seller:   **FRANCIS LEE**
             c/o Richard Keller, Esquire
             4453 Belair Road
             Baltimore, Maryland 21206

To Buyer:    **PHILIP BAST GAGNE**
             309 Thomas Ave
             Severna Park, Maryland 21146

13. **CONTINGENCIES.** This Contract is contingent upon the following. Should any of the contingencies not be met, this contract shall be voidable at the sole discretion of the Buyer. Should this contract be voided as a result of the hereunder contingency, all deposits paid shall be refunded immediately to the Buyer.

   a. The Buyer being able to secure the financing from the Seller with terms and conditions set forth hereinbefore.

   b. The Buyer having the premises inspected by a building inspector of Buyer's choosing, at the Buyer's sole expense and sole risk of damage or disruption to the property. This inspection is for the purpose of the determining the physical condition of the following items or systems now present on the property and included in the purchase price: Heating,

plumbing, electrical, HVAC, filtering systems, roof, structural components, foundation, basement (relating to water penetration), code compliance and structural integrity.

Seller reserves the right to be present during said inspection(s); Buyer agrees to provide Seller with adequate notice of said inspection. The results of said inspection must be actually received by the Buyer within 30 days of the execution of this Contract. If the inspection report is not received within the aforesaid time and no extension of this period is arranged, then any rights otherwise available to the Buyer in accordance with this inspection agreement will be considered to have been waived.

If the Buyer desires to accept the report as satisfactory, Buyer shall so notify Seller in writing within forty eight (48) hours of receipt of said report. If no notice of acceptance is given, then acceptance of report by Buyer shall be implied.

Should Buyer be dissatisfied with the report, Buyer shall notify Seller of such dissatisfaction within seventy two (72) hours of receipt of said report(s) declaring Buyer's intention to void the Contract. Buyer shall forward a copy of the report to Seller with the conditions that are objectionable to the Buyer.

Upon receipt, Seller shall have the right to replace and/or repair the objectionable items. Should the Seller desire to make such repairs/replacements, the Seller must within 48 hours of receipt of notice of objection from Buyer agree in writing to

contracgagnc.wpd                7

repair or replace those item(s) with the repairs completed prior to settlement in a good workmanlike manner. Should Seller not make such repairs to the inspectors satisfaction by time of settlement, the herein contract shall be declared void ab initio with an immediate return of deposit to the Buyer. If the Seller does not agree to replace the item(s) or the Seller does not respond within forty eight (48) hours, then Buyer at Buyer's sole option may declare this Contract void ab initio with an immediate return of deposit.

This section concerning inspection is not to be construed as superseding or eliminating any other provision of the herein Contract which relates to the physical condition of the property or any of its components.

(c) The Buyer or their designated legal entity being able to purchase and settle the existing business located in the Property and trading as "RITZ CABARET". If or any reason buyer is not able to settle for the business, this contract shall be void ab initio with a full return of deposit.

(d). The Buyer verifying that the property's zoning shall be consistent with the existing use of the existing business.

(e) The Buyer being able to transfer title free from any State, City or Federal governmental liens and conditions.

14. **GOVERNING LAW.** This Contract shall be construed and enforced in accordance with the laws of the State of Maryland.

15. **HEADINGS.** The captions and headings herein are for conveyance and descriptive purposes only and in no way define or

contracgagne.wpd

07/28/02  SUN 17:44 FAX 2024887465          Nexus Gold Club                                    ☒010

3

limit the scope or content of this Contract or in any way affect its provisions.

16. **ASSIGNMENT BY BUYER.** This Contract is fully assignable by the Buyer only to an entity to which Buyer has a financial interest provided, however, that the Buyer shall not be relieved from its obligations as set forth herein.

17. **BINDING EFFECT.** This Contract shall be binding upon and inure to the benefit of the parties hereto, their successors, legal representative, heirs and assigns.

18. **COMMISSIONS.** The parties acknowledge that there are no real estate brokers involved in the herein transaction and no commissions are therefore due.

19. **ASSIGNMENT BY SELLER.** Notwithstanding anything contained to the contrary, this Contract of Sale shall be binding upon and shall be enforceable in the event that the real estate herein is transferred to a partnership, corporation or limited liability company in which the Buyer herein is the principal owner.

20. **FINAL AGREEMENT.** This Contract and the exhibits attached hereto contain the final and entire agreement between the Parties hereto with respect to the sale and purchase of the Property and are intended to be integration of all prior negotiations and understandings. No change or modification of this Contract shall be valid unless the same is in writing and signed by the Parties against which it is sought to be enforced. Buyer shall indemnify Seller against damages arising from Buyer's

contracgegne.wpd                    9



07/28/02 SUN 17:44 FAX 2024887465      Nexus Gold Club                                    ☒011

breach of this Contract and Seller shall indemnify Buyer against damages arising from Seller's breach of this Contract. Such indemnification shall include the reasonable costs and attorneys fees.

IN WITNESS WHEREOF, the Parties hereto have executed this Contract under seal on the day and year set forth above.

WITNESS:

_____   _____ (SEAL)
                          FRANCIS LEE, Seller

_____   _____ (SEAL)
                          PHILIP BAST GAGNE, Buyer

_____   _____ (SEAL)
                          DENNIS ALVIANI, Buyer

contracgagne.wpd                    10