IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **RON HUNT,** | * |
| Plaintiff | * |
| v. | *   Civil No. WDQ-02-2523 |
| | * |
| TRACEY'S, INC., etc., et al. | * |
| Defendants | * |

## MEMORANDUM OPINION AND ORDER

Pending is the defendant's Motion to Dismiss ("MTD"). For the following reasons, the court will deny that motion without prejudice, direct limited discovery on the contractual capacity/authority issue, and advises the parties that it would decline to exercise supplemental jurisdiction over the state law tort claims should the federal claims not survive subsequent a motion.

### I. FACTS

Plaintiff Ron Hunt is an African American citizen of the United States. Complaint. at ¶ 4. On April 10, 2002, pursuant to Defendant Francis Lee's guilty plea to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (h), a Preliminary Forfeiture Order was entered. *See United States of America v. Francis Lee, a/k/a Le Tuyen Dinh*, Crim. No. S-01-0232 (April 10, 2002). Under that Order, the Ritz Cabaret real property and improvements at 504 S. Broadway Street in Baltimore, Maryland, and the cabaret's beer wine & liquor and adult entertainment licenses (collectively, "the property") were forfeited to the United States. *Id.*

During May 2002, Hunt met with Lee about purchasing the property. Complaint. at ¶ 8. On May 22, 2002, Lee negotiated a contract with a prospective white buyer of the property. *Id.* at ¶ 10. That contract contained several contingencies and did not provide for a buyer's fee. *Id.* On May 28, 2002, Lee's agent informed Hunt that there would be "no contingencies accepted especially financing" and specified that Hunt would be required to pay a buyer's fee of six per cent of the $1,600,000 purchase price. *Id.* at ¶ 9. Lee also made certain disparaging remarks about Hunt. *Id.* at ¶¶ 11, 12, 26-33. On July 31, 2002, this suit was filed. On August 19, 2002, Hunt filed his Amended Complaint. In the Amended Complaint he alleged violations of 42 U.S.C. §§ 1981 and 1982 and pled defamation.

1

On November 21, 2002, The U.S. Marshals Service entered into a Purchase and Sale Agreement with Joseph Soltas for the property. See Government's Motion to Amend Final Forfeiture Order attached to Reply to Opposition to Defendant's Motion to Dismiss.

On May 19, 2003, Lee moved to dismiss the amended complaint asserting that he lacked contractual capacity because of the forfeiture. Motion to Dismiss ("MTD") at 5. He also urged the court to decline to exercise supplemental jurisdiction over Hunt's state law claims. *Id.* at 6-8. In his amended opposition to the motion, Hunt asserted that Lee had informed him that he had authority from the government to find a buyer for the cabaret. Amended Opposition to MTD at 4-5. Hunt also urged the court to permit him to depose Lee on the issue of Lee's capacity to contract. Id. at 4.

## II. MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The function of Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the facts that support it. *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Co.*, 609 F.2d 1083, 1086 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory. *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 822 (D. Md.1999). In determining whether to dismiss a complaint, the court must accept the well-pleaded material allegations as true, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

## III. CLAIMS UNDER 42 U.S.C. §§ 1981 AND 1982

The law now reflects society's consensus that discrimination based on the color of one's skin is a profound wrong of tragic dimension. *Patterson v. McLean Credit Union*, 491 U.S. 164, 188 (1989). Congress has enacted a comprehensive pattern of statutes to remedy this wrong. For example, under 42 U.S.C. §1982, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to purchase . . .real and personal property."

Similarly, § 1981 of Title 42 of the United States Code provides that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. *Patterson*, 491 U.S. at 176-77. The Supreme Court, however, has made clear that it does not "read[] § 1981 . . . as a general proscription of racial discrimination in all aspects of contract relations," but as limited to its express protection of the right to make and enforce contracts. *Id.* at 181. A broader reading "would federalize all state-

law claims for breach of contract where racial animus is alleged"–something the court is reluctant to do. *Id.* at 183.

At issue in this case is whether Lee had, as alleged by Hunt, authority from the government to find a buyer for the property. As there has been no discovery taken, the court is unable to resolve the agency issue.

### III. STATE LAW CLAIMS

In addition to the defamation claim, Hunt has indicated his intention to amend his complaint to allege fraud, should discovery disclose that Lee lacked capacity to contract. The court would not exercise supplemental jurisdiction over any state law tort claims should Hunt's federal claims not survive motions.

### IV. CONCLUSION

The court will enter an Order directing the parties to conclude discovery on the issue of Lee's capacity or agency to contract by September 19, 2003 and file dispositive motions by October 17, 2003.

Date 7/21/3

WILLIAM D. QUARLES, JR
United States District Judge

3