```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

RON HUNT                              *

     Plaintiff              *

v.                                    *     Civil Action

TRACEY'S INC. t/a RITZ CABARET*             No.: 1:02-CV-02523-WDQ

and                                   *

FRANCIS LEE                           *

     Defendants             *

\*   \*   \*   \*   \*\*\*\*\*\*\*\*\*\*\*   \*   \*   \*   \*

## ANSWER TO AMENDED COMPLAINT
## BY DEFENDANT FRANCIS LEE

Francis Lee, Defendant, by his undersigned counsel, hereby answers the Amended Complaint, and states as follows:

### FIRST DEFENSE

That the Amended Complaint and each count therein fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

That the Amended Complaint and each count therein is barred by the applicable statute of limitations and/or repose.

### THIRD DEFENSE

That the defense of privilege applies to this action with regards to the defamation claim.

### FOURTH DEFENSE

That the defense of consent applies to this action with regards to the defamation claim.

**FIFTH DEFENSE**

That the statements which Plaintiff alleges were made by the Defendant are protected by the First Amendment.

**SIXTH DEFENSE**

That 42 U.S.C. Sections 1981 and 1982 are unconstitutional as applied because the private behavior alleged in this case lacks a substantial effect on interstate commerce.

**SEVENTH DEFENSE**

That with regards to each numbered paragraph of the Amended Complaint, Defendant states as follows:

1. With regards to paragraph one, Defendant admits that Plaintiff is represented by counsel but denies the remaining allegations of that paragraph;

2. Defendant denies the allegations of paragraph two;

3. Defendant admits that venue is proper, but denies the remaining allegations of paragraph three;

4. Defendant admits the first sentence of paragraph four but is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph four;

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph five;

6. With regards to paragraph six, Defendant denies that he is located at 504 S. Broadway, Baltimore, MD 21231;

7. Defendant denies the allegations set forth in paragraph seven;

8. With regards to paragraph eight, Defendant admits that he met with Plaintiff, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph;

9. With regards to paragraph nine, Defendant is without knowledge or information sufficient to form a belief as to the truth of the first sentence of that paragraph, and denies the allegations in the second sentence of that paragraph;

10. Defendant denies the allegations set forth in paragraph ten;

11. With regards to paragraph eleven, Defendant admits that he talked about the Plaintiff negatively, admits that he made statements similar to the ones alleged, but denies the remaining allegations of that paragraph;

12. With regards to paragraph twelve, Defendant admits that he talked about the Plaintiff negatively, admits that he made statements similar to the ones alleged in that paragraph, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph;

13. Defendant denies the allegations set forth in paragraph thirteen;

14. Defendant denies the allegations set forth in paragraph fourteen;

15. That with regards to paragraph fifteen, Defendant incorporates by reference his responses to paragraphs one through fourteen;

16. Defendant denies the allegations set forth in paragraphs 16, 17, 18, and 19;

17. That with regards to paragraph twenty, Defendant incorporates by reference his responses to paragraphs one through nineteen;

18. Defendant denies the allegations set forth in paragraphs 21, 22, 23, and 24;

19. That with regards to paragraph twenty - five, Defendant incorporates by reference his responses to paragraphs one through twenty - four;

20. That with regards to paragraph twenty - six, Defendant admits speaking negatively about the Plaintiff, admits making statements similar to the ones alleged, but denies the remaining allegations of that paragraph;

21. That with regards to paragraph twenty - seven, Defendant admits speaking negatively about the Plaintiff, admits making statements similar to the ones alleged, and is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph;

22. Defendant denies the allegations set forth in paragraphs 28 - 33;

23. That with regards to paragraph 34, Defendant incorporates by reference his responses to paragraphs one through thirty - three;

24. That Defendant denies the allegations set forth in paragraphs 35, 36, 37, 38, 39, and 40;

>
> _____
> David F. Albright, Jr.
> Trial Bar No.: 02234
> BENNETT & ALBRIGHT, P.A.
> 200 Court Square Building
> 200 E. Lexington Street
> Baltimore, Maryland  21202
> (410) 727-2168
>
>
> _____
> Brenda Grantland, Esq.
> 265 Miller Avenue
> Mill Valley, CA 94941
>
> Attorneys for Defendant
>  Frances Lee

**NOTICE OF SERVICE**

I HEREBY CERTIFY that on this \_\_\_\_ day of July, 2003, a copy of the foregoing was sent electronically and via first-class mail, postage pre-paid, to the following:

> Jimmy A. Bell, Esq.
> 9610 Marlboro Pike
> Upper Marlboro, MD 20772

5

        Brenda Grantland, Esq.
        265 Miller Avenue
        Mill Valley, CA 94941

                                _____
                                David F. Albright, Jr.