<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND</u>

| | |
|---|---|
| RON HUNT                                           * | |
|         Plaintiff                                  * | |
| v.                                                 * | Civil Action |
| TRACEY'S INC. t/a RITZ CABARET*                      | No.: 1:02-CV-02523-WDQ |
| and                                                * | |
| FRANCIS LEE                                        * | |
|         Defendants                                 * | |

\* \* \* \*   \*\*\*\*\*\*\*\*\*\*   \* \* \* \*

<u>DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF RON HUNT'S MOTION FOR LEAVE OF COURT TO DEPOSE
DEFENDANT FRANCIS LEE</u>

Defendant, Francis Lee, through undersigned counsel, hereby opposes the Plaintiff's motion to depose Francis Lee.

Defendant acknowledges that pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure, a court order is required before a deposition may be conducted of a person confined in a prison. A motion to depose an incarcerated person "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2), which governs situations in which discovery may be limited by the court, states, in relevant part:

> The... use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought... is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

>opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here, the discovery sought is evidence as to whether the federal government gave Francis Lee the authority to enter into a binding contract to sell the Ritz Cabaret on its behalf after the property had been forfeited to the government. The best evidence on this issue is obtainable from sources other than Francis Lee. The federal prosecutor in Lee's case was Assistant U.S. Attorney Martin Clarke. He was the primary government agent in charge of the forfeiture of the property from the time the case was commenced until the final disposition. Once the court signed the Preliminary Order of Forfeiture, the U.S. Marshal Service began efforts to dispose of the property, and assigned Leonard Briskman responsibility for marketing the property for sale. AUSA Martin Clarke and Leonard Briskman are thus the best sources of information about who had the authority to sell the Ritz Cabaret on behalf of the federal government. Taking their depositions instead of Mr. Lee's would be far more convenient, less burdensome, and less expensive. AUSA Clarke is located in Baltimore, Maryland. Mr. Briskman's office is located in Arlington, Virginia.[1]

Francis Lee has communications difficulties which make him a

---

[1] The Affidavits of Mr. Clarke and Mr. Briskman are attached hereto as Exhibit A

poor witness. He is a Vietnamese immigrant with a limited command of the English language. Although he understands everyday English, he does not understand legal terms and concepts. His accent is very thick and he is extremely difficult to understand. The court reporter at his sentencing hearing had a great deal of difficulty understanding what Lee was saying, and was unable to transcribe substantial portions of his testimony. A Vietnamese translator would probably be necessary, adding to the costs of this deposition.

Travel for this deposition would be extremely expensive. Francis Lee is incarcerated at the Federal Correctional Institute in Morgantown, West Virginia. His attorney, Brenda Grantland, lives near San Francisco, California. For her to travel to West Virginia for the deposition would entail a 4-hour to 5-hour plane ride (if non-stop) at a cost of $300 or more just to get to the nearest airport to the prison (Pittsburgh Pa.)[2] From there she would have to rent a car and drive 75.7 miles (1-2 hours) to the prison in Morgantown. In addition to the car rental, this would entail an overnight stay, if not two, because the travel would consume an entire day each way. For Lee's local counsel, David Albright, to attend would entail a 211 mile drive, which would take at least 3.5 hours, depending on traffic. It would not be feasible for him to fly, because the nearest airport located in Pittsburgh is still

---

[2] Counsel researched these travel distances and fares on line, using Mapquest.com and Orbitz.com.

over an hour and a half's drive from Morgantown FCI. His trip would probably also entail an overnight stay because, even if the deposition was short, it usually takes an hour or more on each end to get checked through security when entering and leaving a federal prison.

There are many obstacles to conducting a deposition inside a federal prison. In addition to the court order which is required by F.R.Civ.P. Rule 30(a)(2), the Federal Bureau of Prisons regulations require that all persons entering the prison for a legal contact visit comply with certain security procedures. According to Tom Schuman, case manager at Morgantown FCI, if the court orders the deposition, the internal process for setting up the deposition begins with plaintiff filing a written request to the warden, identifying all of the people who would need to be present at the deposition. The attorneys would have to show current bar cards, and their names would be checked against the list of attorneys who have been barred from federal correctional facilities. The court reporter and translator would have to go through a more rigorous security clearance because they are not officers of the court. They would have to complete and submit a visitor form, and the prison administration would run an NCIC background check for past convictions. All of this takes time. After those hurdles are cleared, the prison would need to schedule a date for the deposition that allowed time to schedule the extra prison guards needed. Prison regulations require the entire deposition to be monitored visually by prison guards.

After all of this trouble and expense to the federal government as well as the parties, Lee's deposition would be of little or no value to plaintiff on the one remaining issue. In the unlikely event that Lee were to say something which the plaintiff could construe to mean that Lee believed he had the authority to sell the Ritz Cabaret on behalf of the federal government, that would not alter the fact that the federal government never conferred such authority upon him (See attached Declarations). Either authorized agents of the federal government gave Lee that authority or they did not. The best source of this information is the federal agents in charge of the forfeiture case, AUSA Clarke and Leonard Briskman of the Marshal Service.

WHEREFORE, for the reasons set out above Plaintiff's motion to depose Francis Lee in prison should be denied.

Respectfully submitted,

_____
David F. Albright, Jr.
Trial Bar No.: 02234
BENNETT & ALBRIGHT, P.A.
200 Court Square Building
200 E. Lexington Street
Baltimore, Maryland  21202
(410) 727-2168

_____
Brenda Grantland, Esq.
265 Miller Avenue
Mill Valley, CA 94941
Attorneys for Defendant
  Frances Lee