IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| RON HUNT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: WDQ-02-2523 |
| ) | |
| v. ) | |
| ) | |
| TRACEY'S INC. ) | |
| t/a RITZ CABARET, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ENLARGE DISCOVERY BY THIRTY DAYS**

COMES NOW Plaintiff, Ron Hunt, by and through counsel, Jimmy A. Bell, Esq. and The Law Office of Jimmy A. Bell, P.C., pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 105.9, to respectfully submit this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Enlarge Discovery by Thirty Days.

For cause, Plaintiff states the following:

1. That, pursuant to Federal Rule of Civil Procedure 6 (b), this Court may, at its own discretion, "enlarge the time period for an act required to be done in a specific time";

2. That on July 21, 2003, this Court ordered that parties must conclude discovery on the issue of Defendant Lee's agency or capacity to contract by September 19, 2003;

3. That on August 14, 2003, Plaintiff filed with this Court Plaintiff Ron Hunt's Motion for Leave of Court to Depose Defendant Francis Lee and an accompanying Memorandum of Points and Authorities in Support of Plaintiff Ron

|   |   |
|---|---|
|   | Hunt's Motion for Leave of Court to Depose Defendant Francis Lee, pursuant to Federal Rule of Civil Procedure 30(a)(2); |
| 4. | That Plaintiff anticipated that the discovery deadline of September 19, 2003 would not fully afford Plaintiff the opportunity to coordinate the deposition of Defendant Lee, prisoner 34633-037 in the Federal Correctional Institution, Morgantown, West Virginia; |
| 5. | That on September 9, 2003, this Court issued a Paperless Order granting an extension of time to complete discovery until November 3, 2003; |
| 6. | That Counsel for Plaintiff coordinated said deposition with the Federal Correctional Institution, Morgantown, West Virginia, which conducted its own background investigations on all persons set to attend the deposition, including counsel and court reporters; |
| 7. | That Counsel for Plaintiff also coordinated the deposition to accommodate Counsel for Defendant, by agreeing to allow Counsel for Defendant to attend the deposition by telephone, from California and by arranging the time of the deposition so as not to inconvenience Counsel for Defendant, who practices and resides in a different time zone; |
| 8. | That despite the massive undertaking required to arrange the deposition, which was set to go forward on Friday, October 17, 2003 at 1:00 p.m., Counsel for Plaintiff became ill on the morning of the deposition, such that Counsel was unable to attend the deposition Counsel had worked hard to arrange; |
| 9. | That due to this unanticipated event, this deposition must be re-scheduled; |

10. That, due to the length of time required to facilitate such depositions, Counsel for Plaintiff anticipates that more time will be needed to ensure the timely deposition of Defendant Francis Lee in this action;

11. That, for these reasons, Plaintiff requests that discovery be extended in this matter for an additional thirty days;

12. That Plaintiff's proposed extension of discovery would bring discovery to a close on or about December 3, 2003;

13. That, pursuant to Local Rule 105.9:

> Before filing a motion to postpone any proceeding or to extend the time for the filing of any paper or the taking of any other required action counsel shall attempt to obtain consent of other counsel and shall give notice of the motion to other counsel a reasonable time before presentation of the motion to the Court. Counsel shall state in the motion whether the consent of other counsel has been obtained.

*Id.*

14. That Counsel for Plaintiff contacted Brenda Grantland, Esquire, Counsel for Defendant on October 17, 2003, and Counsel for Defendant indicated that she does not consent to this motion;

15. That Counsel for Plaintiff informed Counsel for Defendant that Plaintiff's Counsel would move for extension of time, under the circumstances;

16  That "[a]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." *Koehler v. Dodwell*, 2000 U.S. App. LEXIS 12138 (4th Cir. 2000) (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 475 (2d ed. 1987)).

17. That Defendants will not be prejudiced if this Motion is granted.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court grant Plaintiff's Motion to Enlarge Discovery by Thirty Days.

Respectfully submitted,

_s_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
(301) 599-7620/(301) 599-7623 (fax)
Bar No. MD 14639
Counsel for Plaintiff