IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RON HUNT | ) |
|     Plaintiff, | ) ) ) ) Case No. 02-CV-2523 |
| v. | ) ) |
| TRACEY'S INC., t/a/ RITZ CABARET | ) ) ) |
| and | ) ) |
| FRANCIS LEE | ) ) ) |
|     Defendant. | ) ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO EXTEND DISCOVERY TO SET A SECOND
DEPOSITION DATE FOR FRANCIS LEE, AND
DEFENDANT'S REQUEST FOR COSTS UNDER RULE 30(g)**

Defendant, Francis Lee, through undersigned counsel, hereby opposes the Plaintiff's motion to extend discovery, as well as his request for a second chance to depose Francis Lee. As grounds for this motion defendant states the following:

Over defendant's opposition, the Court granted the plaintiff's motion for leave to depose Francis Lee in prison. The deposition was set for October 17, 2003 at 1:00 p.m. The Federal Correctional Institution at Morgantown, West Virginia, where Lee is incarcerated, had made arrangements for defendant's counsel to appear by telephone, since she is located in California and the travel costs would be astronomical.

Defendant and his counsel were ready and waiting for the deposition at the appointed time. Defense counsel, who is located in California, had made arrangements with the prison to appear by

1

telephone. The prison had installed a phone line for that purpose.

When 1:00 p.m. (Eastern time) Friday came and went without a call from the prison, counsel called the prison and learned that everyone was sitting waiting for plaintiff's counsel to appear, and that they had not arrived. Over the next hour, counsel made several phone calls to the prison. Mr. Shuman, who was in charge of setting up the deposition, stated that no one had gotten a message from the plaintiff's counsel, unless they had left a message on Ms. Little's voice mail, and that she was out of the office all day and there would be no way to check her messages until she returned. Counsel checked her voice mail and learned that Jeffrey Lawson from Mr. Bell's office had called her office at 9:30 a.m. Eastern time (6:30 a.m. Pacific, and before counsel's office hours) to state that Mr. Bell was ill and would not be attending the deposition.

Counsel would note that, had Mr. Bell left at 9:30 a.m. instead of leaving the message, he would not have arrived in Morgantown West Virginia in time for the deposition. Mapquest shows the drive from Upper Marlboro takes at least 3.5 hours, and getting processed through security at a federal correctional facility takes half an hour or more. If defendant's counsel had flown to West Virginia and spent the night so as to appear in person, the trip would have wasted $6,000 in attorney's fees and hundreds of dollars in expenses.

Now plaintiff's counsel is trying to schedule the deposition at 4:30 a.m. Pacific time (See Exhibit A). Defense counsel absolutely refuses to do a deposition at such a time. Plaintiff's counsel is also suggesting that the prison may be unwilling to set up the telephone line again, and that defendant's counsel would have to fly to West Virginia to appear this time. Again, this is unacceptable.

The deposition of Francis Lee is a frivolous waste of time, as defendant pointed out when he

2

objected to the deposition. The court came close to dismissing this case for failure to state a claim, holding that the plaintiff would have to establish that the federal government authorized Francis Lee to act as its agent to sell the Ritz Cabaret, after the property was forfeited to the federal government. Defendant stated in his previous opposition to this deposition that the only authoritative sources for that information are the prosecutor AUSA Martin Clarke, or the U.S. Marshal Service employee in charge of selling the Ritz Cabaret – Lin Briskman. Either of them could be easily deposed, as they work in Baltimore and Washington, D.C., respectively. Plaintiff has made no effort to depose either of them. Since nothing Francis Lee could say would change the fact that the federal government did not authorize Lee to act as its agent, the obvious purpose of this deposition is to harass and inconvenience Lee, and to run up his expenses and attorneys' fees in the hope of getting a nuisance settlement.

The prison had a phone line installed to accommodate the last deposition. Ms. Little, from the Morgantown facility, told defense counsel that they removed the line last Friday after the deposition failed to occur, and that she was not sure whether they would be willing to re-install it. If they are not willing to reinstall the phone line so that defense counsel can appear by phone, the cost of this deposition to defendant will exceed $6,000. Mr. Lee has no income these days due to his incarceration, and his remaining assets are still tied up in litigation. Because of his financial difficulties, Ms. Grantland has not yet been paid anything at all on this case, and her expenses have not yet been reimbursed. The prospect of having to pay out of her own pocket to travel across the country to facilitate this frivolous deposition is very repulsive – especially since this deposition could have occurred last week had plaintiff not canceled it.

Plaintiff is liable for costs under Rule 30(g) for failing to attend the deposition he had noted.

Defense counsel wasted one hour of her time at $250 per hour. The expenses of the prison, however, are substantial. Counsel is waiting to hear from the prison to determine how much that aborted deposition cost them.

Pursuant to Rule 30(a)(2), a motion to depose an incarcerated person "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2), which governs situations in which discovery may be limited by the court, states, in relevant part:

> The... use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought... is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The best sources of the information sought are the two federal agents in charge of the forfeiture case – AUSA Clark and Leonard Briskman of the Marshal Service. Those depositions could be arranged quickly and inexpensively.

WHEREFORE, this Court should prohibit any further attempt to set a deposition of Francis Lee in prison.

Respectfully submitted

S/
BRENDA GRANTLAND
265 Miller Avenue
Mill Valley, CA 94941
(415) 380-9108
(415) 381-6105

S/_____
DAVID ALBRIGHT
Local counsel
Bennett & Albright
200 E. Lexington St., Suite 200
Baltimore, MD 21202
(410) 727-2168

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic file transfer upon Jimmy A. Bell, Law Office of Jimmy A. Bell, P.C., 9610 Marlboro Pike, Upper Marlboro, MD 20772, this 22ND day of October, 2003.

_____
DAVID ALBRIGHT