IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| RON HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRACEY'S INC. | ) |
| t/a RITZ CABARET, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No: WDQ-02-2523

**PLAINTIFF RON HUNT'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO EXTEND DISCOVERY TO SET A SECOND DEPOSITION DATE FOR FRANCIS LEE, AND DEFENDANT'S REQUEST FOR COSTS UNDER RULE 30(g)**

COMES NOW Plaintiff, Ron Hunt, by and through counsel, Jimmy A. Bell, Esq. and The Law Office of Jimmy A. Bell, P.C., pursuant to Federal Rule of Civil Procedure 6(b) to respectfully submit Plaintiff Ron Hunt's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Extend Discovery.

For cause, Plaintiffs state the following:

A.     **STATEMENT OF FACTS**

1.     That Plaintiff, Ron Hunt, hereby adopts and incorporates, by reference the facts and argument set forth in his Memorandum of Points and Authorities in Support of Plaintiff's Motion to Enlarge Discovery by Thirty Days (Exh. A);

2.     That after being granted an extension to depose Defendant Lee, Counsel for Plaintiff began efforts to work within the parameters previously set by this Court for deposition of Defendant

Francis Lee and contacted David F. Albright, Jr. of Baltimore, Local Counsel for Defendant Lee on

September 26, 2003, at 10:20 a.m.;

3.      That at that time, David F. Albright, Jr., was informed by associate, Jeffrey Lawson, that

October 15, 2003 was Plaintiff's desired date for this deposition;

4.      That in response, Local Counsel, Mr. Albright replied that he will not be participating the

deposition, but that Brenda Grantland, Esquire, co-counsel based in Mill Valley, California, would be

representing Defendant Lee at this deposition;

5.      That, in a letter to defense counsel, dated September 29, 2003, Counsel for Plaintiff

requested cooperation from Counsel for Defendant to ensure the parties' timely compliance with this

Court's Order (Exh. B);

6.      That Counsel for Plaintiff has diligently worked to coordinate the deposition of

Defendant Lee, which would have gone forward on Friday, October 17, 2003, had Counsel for Plaintiff

not become ill;

7.      That since the time of the required cancellation, Counsel for Defendant has offered one

date between October 17, 2003 and November 3, 2003 and that date was October 27, 2003 at 10:00 a.m.

Pacific Standard Time, 1:00 p.m. Eastern Standard Time (Exh. C);

8.      That while this time was acceptable to the parties, it was not acceptable to Defendant

Lee's Case Manager, Lisa Little, at the Federal Correctional Institution, at Morgantown, West Virginia,

who could meet only at 7:30 a.m. on October 27, 2003;

9.      That as a case manager is required to attend the deposition and as Ms. Little was neither

available at 1:00 p.m. EST nor able to find a substitute case manager, the deposition could not be

scheduled at FCI Morgantown on October 27, 2003;

2

10.     That, in her last note to Counsel for Plaintiff, Ms. Grantland wrote: "I will NOT be available at any time between 10-28 and 11-7."  (Grantland Fax Transmittal Sheet with Letter  to Bell of 10/23/03, Exh. D) (Emphasis in original.)

11.     That Defense Counsel, who contested this Court's Order allowing this deposition to go forward, seeks to circumvent the first Order by vaguely stating her unavailability within the time that the parties could comply with the Order of this Court and Counsel opposed Plaintiff's grant for extension of time, which would improve defense counsel's likelihood of availability;

12.     That Counsel has also refused to simply request local counsel, David F. Albright, Jr.  to attend the deposition, although Mr. Albright, who has entered his appearance in this action (*See* Docket Summary*,* Ex. E), could attend at a cost far less substantial than that of Ms. Grantland, in California;

13.     That combined, these efforts by Counsel for Defendant manifest an attempt to preclude Defendant Lee's deposition despite this Court's Order to the contrary.


**B.      STANDARD FOR GRANT OF EXTENSION**

Pursuant to Rule 6 (b)(1): "[w]hen … by order of court an act is required or allowed to be done at or within a specified time, the court for good cause may at any time in its  discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order."  F.R. Civ. P. 6(b)(1).  "When a request for additional time is made before the expiration of the period originally prescribed, a district court may enlarge the period 'for cause shown.'  (Citation omitted.) 'An application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party.'" *Koehler v. Dodwell*, 2000 U.S. App. LEXIS 12138 (4th Cir. 2000) (Citation omitted).

**C.    THIS COURT SHOULD GRANT PLAINTIFF'S REQUEST FOR ENLARGEMENT, AS THERE HAS BEEN NO SHOWING OF BAD FAITH OR PREJUDICE TO DEFENDANT LEE.**

1.  <u>Counsel for Plaintiff has a record of a good faith effort to take this deposition.</u>

On September 26, 2003, Counsel for Plaintiff contacted Defendant Lee's Case Manager, Lisa Little, *via* faxed letter (Exh. F) and by telephone, so that she could begin to arrange the logistics of Defendant Lee's deposition at a time convenient to the facility.  By the time she had been contacted, Counsel for Plaintiff had already arranged for Court Reporter, Monique Christianson, of Streski Reporting & Video Service, in Morgantown, West Virginia to take the deposition.  (*See id.*)

On that same date Counsel for Plaintiff contacted Local Counsel for Defendant, David F. Albright, Jr. at 9:50 a.m.  At that time, Mr. Albright, instead of cooperating with Counsel for Plaintiff to ensure the timely deposition of Defendant Lee, referred Counsel for Plaintiff to Mr. Albright's co-counsel, across the country in California, Brenda Grantland, Esquire.  Before making this referral, Mr. Albright explained that he would not attend the deposition and Ms. Grantland would be counsel for Defendant Lee at the deposition.  Counsel for Plaintiff also contacted Brenda Grantland, Esquire and left messages for her in her voice mailbox when there was no answer at both 10:20 a.m. and 12:05 p.m. (EST) on September 26.

Finally, Ms. Grantland was contacted on October 9, 2003 and she agreed to the deposition on October 17, 2003 at 1:00 p.m. (EST).  Ms. Grantland had coordinated her telephone "appearance" with Lisa Little, Defendant Lee's Case Manager, and was set to attend. Counsel for Plaintiff then notified the court reporter by telephone, and FCI Morgantown by letter.  (*See,* Bell Letter to Little of 10/14/03, Ex G.)  A great deal of effort was put into coordinating the scheduled deposition.

4

    2.  <u>Counsel's illness was unforeseen, preventing the deposition from going forward, as scheduled.</u>

In addition to other logistical steps taken by Counsel for Plaintiff, Counsel arranged for a limousine driver to take Counsel to West Virginia at 8:30 a.m. on October 17, 2003, a drive anticipated to take approximately 3.5 hours.  The driver appeared at Counsel's office at 8:00 a.m.  However, Counsel was unable to make the trip to West Virginia on that morning due to his pending illness, which resulted in excessive vomiting and nausea, for which Counsel took medication.  Rather than to continue to vomit on the way to West Virginia and risk the possibility of vomiting during the deposition, the deposition was cancelled.

Accordingly, once the deposition was cancelled, all interested persons were contacted on October 17, 2003, in the morning of the scheduled deposition.   First, FCI Morgantown was contacted at 9:21 a.m. and when Tom Schumann, Case Manager substituting for Defendant Lee's Case Manager did not answer, a message was left in his voice mailbox.  Next, Counsel for Defendant was called and a message was left in the voice mailbox of Brenda Grantland, Esquire at 9:28 a.m. (EST) or 6:28 a.m. (PST).  Finally, Tami Horvath, Office Manager of Streski Reporting & Video Service was contacted *via* her office assistant, Gretchen at 9:40 a.m., and told that the deposition was postponed and subject to rescheduling and that Court Reporter Monique Christianson would be informed of the postponement. No court reporter went to the FCI Morgantown, as such.

Later that day, Counsel for Defendant, enraged, contacted Counsel for Plaintiff at 2:30 p.m. on October 17, 2003, to inform Counsel of her anger about the postponement.  Counsel for Defendant had neglected to check her voice mailbox and alleges that she was not aware of the postponement until after she called into the FCI Morgantown at or about the scheduled time.  Apparently, FCI Case

Manager, Tom Schumann had not checked his voice mailbox, either, as he was also unaware of the cancellation. Both Ms. Grantland and FCI Morgantown now acknowledge receipt of voice mail at the times previously set forth in this Reply. These facts, when taken cumulatively, demonstrate good faith on behalf of Counsel for Plaintiff and, accordingly, Plaintiff's requested extension should be granted.

        3.     <u>Granting the requested extension will not prejudice Defendant.</u>

Since Plaintiff postponed the scheduled deposition, Counsel for Defendant has been less than cooperative in facilitating the parties' compliance with the Order of this Court. Most recently, in her faxed note to Counsel for Plaintiff, Ms. Grantland wrote: "I <u>will NOT</u> be available at any time between 10-28 and 11-7." (Grantland Fax Transmittal Sheet with Letter to Bell of 10/23/03, Exh. D) (Emphasis in original.) The effect of this note is to foreclose any possibility of a deposition prior to the November 3, 2003 deadline as set by this Court.

Thus far, there has been no inconvenience to Defendant Lee. The deposition was to be held at the Federal Correctional Institution at Morgantown, in West Virginia. (*See*, Notice of Deposition, Ex. H.) Defendant is housed at FCI. The deposition was to take place in Defendant's place of residence, providing no noteworthy inconvenience.

There has been no inconvenience to Counsel for Defendant. First, Local Counsel, who has signed on the Opposition Memorandum, refused to attend the deposition. Local Counsel can claim no inconvenience when he refused to facilitate timely compliance with this Court's Order. Likewise, Plaintiff allowed Ms. Grantland to telephone in to the deposition. Counsel for Plaintiff did not object to her request, even though Counsel for Plaintiff made arrangements to drive to West Virginia to attend the deposition. Counsel for Defendant has never made clear whether or not she ever left home to make the

call into FCI Morgantown on October 17, as she could have easily contacted FCI Morgantown from the comfort of her own home.  If Counsel for Defendant was injured as a result of the cancellation, it was due to Counsel's lack of diligence in failing to check her voice mailbox at some point prior to or slightly after the scheduled deposition.

**D.**  **COUNSEL SHOULD NOT BE AWARDED FEES FOR ANY COSTS SUFFERED, AS MINIMAL DILIGENCE ON THE PART OF COUNSEL WOULD HAVE PREVENTED ANY INJURY.**

Counsel for Defendant claims "Defense counsel wasted one hour of her time at $250 per hour.  The expenses of the prison, however, are substantial.  Counsel is waiting to hear from the prison to determine how much that aborted deposition cost them."  Def.'s Opp. Mem. at 4.

First, although Defendant was noticed, Counsel for Defendant received a cancellation by telephone 3.5 hours prior to the scheduled deposition.  Her "appearance" was by telephone, per the professional courtesy extended by Counsel for Plaintiff.  It is not clear whether Counsel even left the comforts of her own home.  By Counsel's own admission, she "checked [her] voice mail and discovered that Jeffrey Lawson had left me a voice mail message at 6:30 a.m. [her]time (9:30 [EST]) stating that [Plaintiff's counsel] w[as] sick and would not be attending the deposition."  *See* Grantland Letter to Bell of 10/21/03 at 1 (Exh. I.)

The telephone line installed at the prison was for Defense Counsel's convenience and pursuant to her request, not pursuant to any request by Plaintiff.   If Counsel had simply checked her voice mailbox at any time prior to 10:00 a.m. (PST) or, if her secretary had come in during normal business hours and checked that voice mailbox, Counsel for Defendant would have

received the message no later than one hour prior to the scheduled deposition.  Her costs were

not incurred as a result of actions of Counsel for Plaintiff.

Counsel for Plaintiff has never requested Counsel's appearance by telephone.  Counsel

for Defendant made the request and FCI Morgantown, per Lisa Little, may be unwilling to make

such an accommodation for Counsel for Defendant, who may prefer to send local counsel in her

stead.  In any case, Counsel for Plaintiff takes no responsibility for the management or

administration of FCI Morgantown and can offer no assurances as to how FCI Morgantown will

respond to Counsel's request.

Moreover, Counsel for Plaintiff contacted FCI Morgantown at 4:08 p.m. on October 17,

2003 through Case Manager, Tom Schumann, who substituted for Lisa Little on that date.  Since

then, Ms. Little has been personally contacted by this Office on October 20, 2003 at 1:45 p.m.,

on October 21, 2003 at 9:21 a.m., 10:20 a.m., 2:41 p.m. and after normal business hours on that

same date.  Tom Schumann was last contacted on October 21, 2003 at 9:55 a.m., when he

acknowledged timely notice of cancellation from Counsel for Plaintiff on his own voice mailbox,

which he had not checked prior to 1:00 p.m. (EST) on October 17, 2003.  During each of these

encounters, FCI Morgantown was not only understanding, but willing to re-schedule the

deposition at a time agreeable for all involved.  At no time have FCI officials requested

compensation for inconvenience and neither counsel for FCI Morgantown nor FCI official have

made Counsel for Plaintiff aware of such costs.

It appears that Counsel is a West Coast attorney who has become involved in an East Coast case

and she doesn't want to attend an East Coast deposition.  To further complicate matters, local counsel,

David F. Albright, Jr., Esquire, when contacted about depositions, directed Counsel for Plaintiff across the country, to California, because "[he's] not handling those." Local Counsel is filing motions, yet unwilling to attend depositions. This Court has already issued its Order allowing Plaintiff to depose this party witness, therefore, Defendant's arguments seeks to revise his prior argument already denied by this Court which should, once again, be denied.

In a recent letter to Counsel for Plaintiff, Defendant has even agreed to this continuance, contingent upon Plaintiff's work to receive approval for her telephone appearance. Counsel wrote, on October 24, 2003:

> Very reluctantly, I will consent to extending the discovery deadline to November 21, 2003, and the motions deadline to December 20 provided: (1) the deposition of Francis Lee will be held with me appearing by phone, during my business hours (9-5 Pacific time, 12-8 p.m. Eastern), between November 8 and 21 (but not November 12); and (2) if the prison will not install the phone line again without being reimbursed for their costs, you will pay those costs. This is the last time I will agree to extend deadlines to accommodate you.

*See*, Grantland Letter to Bell of 10/24/03 at 2. (Exh. J.)

For these reasons, Plaintiff requests that his Motion to Extend Time be granted, as Counsel acted in good faith and Defendant will not be prejudiced by this Court's granting of this Motion.

**E.     CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, in consideration of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Extend and Plaintiff Ron Hunt's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Extend Discovery, GRANT Plaintiff's Motion.

Respectfully submitted,

_____

Jimmy A. Bell, Esquire
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623(fax)
Counsel for Plaintiff
Bar No. MD 14639