IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RON HUNT** | : |
| Plaintiff, | : Civil Action No: L02-CV-2523 |
| | : (WDQ) |
| v. | : |
| **RITZ CABARET, et al.** | : |
| Defendants. | : |

### PLAINTIFF RON HUNT'S RESPONSE TO DEFENDANT LEE'S CORRECTION TO ALLEGED JOINT STATUS REPORT

COMES NOW Plaintiff Ron Hunt, by and through counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully submits this Response to Defendant Lee's Correction to Alleged Joint Status Report.

For cause, Plaintiff states that on the morning of January 5, 2004, Plaintiff's Counsel Jimmy A. Bell received a one-sentence letter from Defense Counsel David Albright reiterating what this Court had already stated and what Plaintiff's Counsel already knew, that this Court had ordered the parties to submit a status report on that same day and requesting that Plaintiff send Defendants a proposed status report for review.  After sending Plaintiff's proposed status report to Attorney Albright, Attorney Bell telephoned Attorney Albright to inquire about the fact that Attorney Albright had not sent a copy of the Defendants' own proposed status report to Plaintiff.  During this telephonic conversation, Attorney Albright stated that he wished to file a joint status report.  Attorney Albright further stated that he did not find Plaintiff's proposed status report to be objectionable, requesting simply that Plaintiff's Counsel add two sentences to

its proposed status report.  Specifically, the two sentences which Defense Counsel wished to add were:  "Defendants object to any further depositions.  Defendants intend to file a motion for summary judgment."  Attorney Albright further authorized Plaintiff's Counsel to file the amended document as a joint status report on behalf of both parties upon the addition of these two sentences.  Upon the conclusion of this telephonic conversation, Plaintiff's Counsel immediately sent a letter to Defense Counsel memorializing the conversation.  *See Exhibit A, Letter From Bell to Albright Sent on 1/5/04* (mistakenly dated 1/5/03).  After amending the status report to include the two sentences requested by Attorney Albright, and under Defense Counsel's specific authorization, Plaintiff filed a Joint Status Report on behalf of both parties in the above-captioned matter.

However, on January 6, 2004, Attorney Albright, on behalf of Defendant Lee, filed a Correction to Alleged Joint Status Report.  In Defendant's Correction to Alleged Joint Status Report, Defendant states: 1) "[t]hat the alleged Joint Status Report was filed without authority of Defendant's counsel;" 2) "[t]hat the alleged Joint Status Report misstates the alleged deposition testimony of Defendant Frances Lee;" and 3) "[t]hat Defendant Frances Lee reserved the right to read and sign the transcript, and a transcript has not been prepared as of this date."  The statements made by the Defendant in his Correction to Alleged Joint Status Report are a blatant lie.  The Defendant has succeeded in perpetrating a fraud against this court by suggesting that Plaintiff's Counsel electronically filed a document on behalf of both parties without the authorization of Defense Counsel.  However, the affidavit of a witness present during the conversation in which Attorney Albright requested simply that two sentences be added to Plaintiff's proposed status report, and authorizing Attorney Bell to electronically submit the

2

document to the Court once the requested changes had been made, tell a very different story. Specifically, the Affidavit of Janelle Richards states:

> I, Janelle N. Richards of 19112 Highstream Drive, Germantown, MD 20874, being duly sworn, state the following concerning my knowledge of the conversations and events immediately preceding the filing of the Joint Status Report in the case of Hunt v. Ritz Cabaret, et al.
>
> I am a 2001 graduate of Princeton University. At present, I am a third year day student at Georgetown University Law Center with an expected graduation date of May, 2004. Currently, I am employed as a law clerk at The Law Office of Jimmy A. Bell, P.C. On the morning of Monday, January 5, 2004, Attorney Jimmy A. Bell received a letter from Attorney David Albright requesting that Attorney Bell send him a proposed status report on behalf of the Plaintiff in the case of Hunt v. Ritz Cabaret, et al. I assisted Attorney Bell in the drafting of the proposed status report. Upon composing the proposed status report, and per the instructions of Attorney Bell, I telephoned Attorney Albright to inform him that I would be faxing him the Plaintiff's proposed status report. Attorney Albright requested that I also fax a copy to Attorney Brenda Grantland, and the conversation was concluded.
>
> Several minutes later, I called Attorney Albright a second time because Attorney Bell wished to inquire about the fact that Attorney Albright had not sent a copy of the Defendant's proposed status report to Attorney Bell. I was not privy to the initial discussion which ensued, but Attorney Bell subsequently called me into his office. Attorney Bell then informed Attorney Albright that he was putting him on speakerphone and that I was going to listen in on the conversation as I was assisting him in the drafting of the status report and would make any necessary changes and electronically file the final document. Attorney Albright did not object to my presence. Attorney Albright then stated that he would like Plaintiff's proposed status report to be a joint status report on behalf of both the Plaintiff and the Defendant. Attorney Albright further stated that he only wished to add the following two sentences to Plaintiff's proposed status report: "Defendants object to any further depositions. Defendants intend to file a motion for summary judgment." Moreover, Attorney

3

>Albright authorized Attorney Bell to file the document as a joint status report after these two sentences had been added.
>
>At not time during this conversation did Attorney Albright express any wish to amend the statements in the Plaintiff's proposed status report pertaining to the deposition testimony of Defendant Francis Lee, or to make any other amendments or additions to the proposed status report. Upon adding the two sentences requested by Attorney Albright, and per the authorization of Attorney Albright and the instruction of Attorney Bell, I electronically filed a joint status report on behalf of the Plaintiff and the Defendant in the case of <u>Hunt v. Ritz Cabaret, et al.</u> on the evening of Monday, January 5, 2004.
>*Exhibit B, Affidavit of Janelle N. Richards.*

Moreover, upon receiving notice that the Defendant had maliciously filed a Correction to Alleged Joint Status Report, Attorney Bell immediately telephoned Attorney Albright. During this telephonic conversation, Attorney Bell demanded that the Defense withdraw its slanderous Correction to Alleged Joint Status Report, and informed Attorney Albright that if he continued on this slanderous path, Plaintiff's Counsel would call for an evidentiary hearing on the question. Attorney Albright responded by saying, "I can do whatever I want to do." Attorney Bell then sent a letter to Attorney Albright memorializing the conversation between the two, further admonishing Attorney Albright for his blatant misrepresentation of the truth, and again requesting that the Defense withdraw its Correction to Alleged Joint Status Report. Specifically, the letter sent by Attorney Bell to Attorney Albright stated:

>Dear Mr. Albright:
>
>With great moral outrage, I write you this letter, memorializing our conversation from this afternoon and once again admonishing you to withdraw your senseless mischaracterizations of our counsel to counsel communications.

4

While on the telephone with you today, I informed you that your objects [sic] to the joint status report were simply untrue. I informed you that if you continued on your slanderous path, then I would call for an evidentiary hearing on the question. You responded by saying, "I can do whatever I want to do."

Despite what you say in your Objection to Joint Status Report, my law clerk and I clerkly [sic] recall what happened yesterday. On yesterday, you stated that you wished to file a joint status report, it appearing that Plaintiff's own report was ready for submission and that Defendant did not have a report ready for submission. You stated that Plaintiff's draft report was unobjectionable so long as Defendants could add two caveats—that "Defendants objects to any further discovery" and that "Defendants intend to file a motion for summary judgment." I agreed to accommodate you, and I filed the Joint Status Report with your amendments.

Thinking that all parties had just filed an effective and agreeable report, I was very shocked and outraged to read your Objection to Joint Status Report. As you were not even present for the deposition, you cannot shed any light on what happened there. Yet you boldly state that Plaintiff's report incorrectly summarizes Mr. Lee's deposition testimony and that Mr. Lee, despite his request to do so, has not had the opportunity to review the original deposition transcript. Your Objection to the Joint Status Report was the most unprofessional and unethical document I have read in my life because it was a blatant lie.

You should know that the United States District Court for the District of Maryland expects all counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court. See L.R. 606. Additionally, Rule 3.3 of the Maryland Rules of Professional Conduct—which Maryland federal courts have adopted in governing the behavior of attorneys practicing before it—clearly states in relevant part that a lawyer shall not:

> (1) make a false statement of material fact or law to a tribunal; or

5

>(2) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.
>
>Having been reminded of your professional responsibilities under the Rules, you should really reconsider your course of action. I take very seriously matters such as these in which a fellow attorney perpetrates a fraud against the Court. I am putting you on notice that I will not hesitate to pursue all legal avenues available against you and your law firm for the fraud you perpetrated against this Court. I am confident that the Court will also take seriously your unsupported slanderous assertions. *Exhibit C, Letter from Bell to Albright Dated 1/6/04*.

The Defense has yet to withdraw its Correction to Alleged Joint Status Report. For this reason, Plaintiff's Counsel wanted to set the record straight on what actually occurred between the parties on January 5, 2004.

Respectfully submitted,

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (fax)
Counsel for Plaintiff
Bar No. 14639