IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RON HUNT ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-CV-2523 |
| v. ) | |
| ) | |
| TRACEY'S INC., t/a/ RITZ CABARET ) | |
| ) | |
| and ) | |
| ) | |
| FRANCIS LEE ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.   Federal civil rights claims (counts I and II)**

In his federal causes of action, plaintiff Ron Hunt alleges that in May 2002, defendant Francis Lee infringed his civil rights in violation of 42 U.S.C. §§ 1981 and 1982, by refusing to sell the Ritz Cabaret to Hunt, allegedly for racially discriminatory reasons.

Both of these causes of action arise from defendant's alleged refusal to sell the Ritz Cabaret to plaintiff in May 2002. However, defendant did not own the Ritz Cabaret in May 2002. The club, its underlying real estate (504 S. Broadway, Baltimore, MD), and the liquor and adult entertainment licenses were forfeited to the

United States government on April 10, 2002. See Preliminary Order of Forfeiture in *United States v. Francis Lee*, Crim. No. S-01-0232 (Exhibit A, attached).

Section § 1982 prohibits racial discrimination in the sale of real and personal property. *Wright v. The Salisbury Club, Ltd.*, 632 F.2d 309, 314 (4th Cir. 1980) ("That statute insures that all citizens will have the same right 'as is enjoyed by white citizens' to purchase and hold 'real and personal property.'")

Section 1981 provides that "all persons within the jurisdiction of the United States shall have the same right... to make and enforce contracts, to sue, be parties, give evidence... as is enjoyed by white citizens." The only right arguably infringed by the facts alleged in plaintiff's complaint is the right "to make and enforce contracts."

The U.S. Supreme Court has implied that "a contractual relationship is a prerequisite to a section § 1981 claim" brought under this theory. *Graham v. Jones*, 709 F.Supp. 969, 972-73 (D. Or. 1989), citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976) ("§ 1981 prohibits racial discrimination in the making and enforcement of private contracts.") "[C]laims of racial harassment and discriminatory treatment" by a private individual that are not based on the making or enforcement of a private contract do not state a claim under § 1981. *Graham v. Jones*, 709 F.Supp. at 973. As this Court pointed out in the July 21, 2003 Order:

> The Supreme Court... has made clear that it does not "read[] § 1981... as a general proscription of racial discrimination in all aspects of contract relation," but as limited to its express protection of the right to make and enforce contracts. [*Patterson v. McLean Credit Union*, 491 U.S. 164, 181 (1989).] A broader reading "would federalize all state-law claims for breach of contract where racial animus is alleged" – something the court is reluctant to do. *Id*. at 183.

In his Rule 12(b)(6) motion, Defendant showed that plaintiff could prove no set of facts to sustain his claims of racial discrimination in the making and enforcement of private contracts (42 U.S.C. § 1981) nor racial discrimination in the sale of real estate (42 U.S.C. § 1982), since the federal government – and not Francis Lee – owned the subject real estate at the time of the events plaintiffs alleges in his complaint. Plaintiff tried to counter these fatal defects by stating that he was told by Jeorg Eichelberger, allegedly as an agent of Francis Lee, that the federal government was allowing him to sell the property.

On July 21, 2003, this Court entered a Memorandum Opinion and Order denying defendant's Rule 12(b)(6) motion without prejudice, but allowing plaintiff to conduct "limited discovery on the contractual capacity/authority issue" – i.e. whether Francis Lee had been delegated the authority to sell the forfeited club on behalf of the federal government.

> At issue in this case is whether Lee had, as alleged by Hunt, authority from the government to find a buyer for the property. As there has been no discovery taken, the court is unable to resolve the agency issue.

7/21/2003 Order p. 3.

The only discovery which Plaintiff undertook was the deposition of Francis Lee. Discovery has now ended. Nothing in Lee's deposition bolsters the plaintiff's theory that Lee had the authority to sell the Ritz Cabaret on behalf of the federal government.

The attached declarations of Assistant U.S. Attorney Martin Clarke and U.S. Marshal Service employee Leonard Briskman show that the federal government did not delegate to Francis Lee the authority to sell the Ritz Cabaret on behalf of the federal government. Clarke and Briskman were the federal authorities in charge of the forfeiture and sale of the Ritz Cabaret. Leonard Briskman stated "[a]t no time di I, nor any other representative of the U.S. Marshal Service, delegate to Francis Lee or to Joerg Eichelberger the authority to sell the Ritz Cabaret for the federal government." Declaration of Leonard Briskman, p. 2. AUSA Martin Clarke stated:

> The disposition and sale of the forfeited property was handled by the U.S. Marshal Service. Len Briskman was the managing agent at the Marshal Service in charge of the sale of this property. At no time did I, nor any other representative of the U.S. Attorney's Office, delegate to Francis Lee or Joerg Eichelberger the authority to sell the Ritz Cabaret for the federal government.

Admissions made in plaintiff's Opposition and supporting documents show Mr. Hunt was well aware of Mr. Lee's legal difficulties, including the forfeiture of the Ritz Cabaret. If Mr. Hunt had any questions about the legal effect of the Preliminary

Order of Forfeiture, he should have directed them to his own lawyer or the U.S. Attorney's Office or U.S. Marshal Service, rather than relying on Mr. Lee's or the real estate agent's (Mr. Eichelberger's) lay understanding of the law.

## II.   Count III (state claim for common law defamation)

If counts I and II are dismissed, count III fails as well.  This claim is what was formerly called a "pendent" claim.  A federal district court has supplemental jurisdiction to hear state law claims only if the district courts have "original jurisdiction" (e.g., subject matter jurisdiction) over the federal claims.  28 U.S.C. § 1367(a).  If the district court dismisses the federal claims ("all claims over which it has original jurisdiction"), the district court may decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).

This Court indicated in its ruling denying, without prejudice, defendant's Rule 12(b)(6) motion, that "it would decline to exercise supplemental jurisdiction over the state law tort claims should the federal claims not survive a subsequent motion." July 21, 2003 Order, p. 1.

## Conclusion

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted.  Since the defendant did not own the Ritz Cabaret at the relevant time, and lacked the legal authority to enter a binding contract to sell the property to anyone, Lee could not have committed racial discrimination in violation of §§ 1981

or 1982 by refusing to sell the property to Hunt.

Therefore the Court should enter judgment for defendant including an award of costs and attorney's fees.

          Respectfully submitted

/S/_____
BRENDA GRANTLAND
265 Miller Avenue
Mill Valley, CA  94941
(415) 380-9108
(415) 381-6105


/S/_____
DAVID ALBRIGHT
Local counsel
Bennett & Albright
200 East Lexington St.
Suite 200
Baltimore, MD 21202
410-727-2168

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic file transfer upon Jimmy A. Bell, Law Office of Jimmy A. Bell, P.C., 9610 Marlboro Pike, Upper Marlboro, MD 20772, this _____ day of March, 2004.


/S/_____
DAVID ALBRIGHT