IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RON HUNT ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-CV-2523 |
| v. ) | |
| ) | |
| TRACEY'S INC., t/a/ RITZ CABARET ) | |
| ) | |
| and ) | |
| ) | |
| FRANCIS LEE ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Francis Lee, by his undersigned counsel, hereby files this Memorandum of Points and Authorities in Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and states as follows:

When this Court ruled on Defendant's Motion to Dismiss, it gave Plaintiff the opportunity to conduct discovery to attempt to elicit evidence to support its theory that Defendant was acting as an agent of the federal government with regard to the sale of the Ritz Cabaret. The deposition of Francis Lee – the only discovery pursued by Plaintiff – fails in any way to establish that Lee was authorized by the federal government to act as its agent. The affidavits and other exhibits which Plaintiff submitted in his Opposition to Summary Judgment also fail in that regard. Therefore, this Court should grant summary judgment for Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF
## GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE

    1. Whether Defendant Lee and/or Jeorg Eichelberger were acting as agents of the U.S. Marshal Service when they were soliciting and attempting to negotiate sale of the Ritz Cabaret and property located at 504 S. Broadway, Baltimore MD.

RESPONSE: Plaintiff has not presented any competent evidence to put that issue in dispute. Defendant submitted declarations from the federal officials who were responsible for the forfeiture and sale of the Ritz Cabaret stating that they did not authorize Lee or Eichelberger to sell the forfeited club on the government's behalf. Plaintiff's vague suggestions and innuendos do not rise to the level of competent evidence, and thus do not create a dispute of material fact.

    2. Whether the U.S. Marshal Service notified Plaintiff Hunt or his attorney about the online bidding process to be used in the sale of the Ritz Cabaret.

RESPONSE: This is not a relevant issue. The U.S. Marshal Service is not a party to this action. Furthermore, any shirked duty, wrongful act, negligence or discrimination by the U.S. Marshal Service is simply irrelevant to Francis Lee's tort liability.

    3. Whether other African Americans were excluded from the online bidding process used to sell the Ritz Cabaret.

RESPONSE: This is not a relevant issue. The online bidding process was entirely the prerogative of the U.S. Marshal Service, and that agency is not a party to this action. Furthermore, any discrimination by the U.S. Marshal Service is simply irrelevant to Francis Lee's tort liability.

## DEFENDANT'S COUNTER-STATEMENT OF FACTS

In his statement of facts, Plaintiff mis-characterizes the undisputed evidence in several key regards.

On page 4 plaintiff mis-characterizes the club as "Defendant Lee's property." Undisputed evidence shows that the club did not belong to Francis Lee at the relevant time.

On pages 2, 5, 6, 10, 12, 13, 14 and 17, Plaintiff mischaracterizes Joerg Eichelberger as Francis Lee's agent for the sale of the Ritz Cabaret. Lee stated at his deposition that Eichelberger was not his agent. Depo. 12. Since Lee did not own the Ritz Cabaret, as a matter of law Eichelberger could not be Francis Lee's agent for the sale of the Ritz Cabaret. Plaintiffs' claim that he submitted written offers "to the Defendant" are not supported by any evidence; to the contrary, it is undisputed that Hunt sent the letters to Eichelberger, who was not Lee's agent.

On pages 2, 4, 5, 10, 12, 13, 14 and 17, Hunt falsely characterizes the offer, which Lee signed with the non-African Americans Gagne and Alviani on May 22, 2002, as a "contract of sale." The fact that lawyer Richard Keller visited Lee at the jail, without Lee's lawyer's knowledge or permission, and got Lee to sign the document does not make it a legal contract. Since Lee did not own the Ritz Cabaret at the time, any documents Lee signed as "seller" would not be valid as a contract of sale. Nothing in this document purports to establish that Lee was acting as an agent of the federal government.

## ARGUMENT

**I.   Plaintiff has failed to establish that either Eichelberger or Lee were agents of the federal government with authority to enter contracts to sell the Ritz Cabaret on its behalf, and therefore cannot state a cause of action under 42 U.S.C. § 1981**

Plaintiff did not – and cannot – establish that Lee and/or Eichelberger were authorized agents of the federal government, because it simply is not true.

After laying out the elements of his cause of action on page 4, plaintiff incorrectly states that Eichelberger's correspondence to Hunt establishes prong's 2, 3 and 4. Clearly plaintiff could not establish prong 2 – "that he was a qualified buyer of *defendant's property*" – because it is undisputed that the property did not belong to defendant. For the same reason he could not establish prong 4.

Plaintiff argues on page 4 that Eichelberger's letters establish the agency relationship. That argument is logically flawed. Since Eichelberger was not Lee's agent, the letters Eichelberger allegedly sent Hunt fail to establish anything. Furthermore, Lee made it clear at his deposition that he had never even seen these letters. Depo. 12.

Plaintiff's attempts to trace agency back to the federal government all have a fatal gap – the link between the federal government and anyone connected to the defendant. No one could acquire authority to sell the Ritz Cabaret unless the authority was separately conferred by authorized federal agents. Defendant has submitted declarations from the federal agents in charge, and they unequivocally state that the did not delegate this authority to Lee or Eichelberger. Plaintiff has not even attempted to take the depositions of these federal agents – the only people who could competently testify about a federal delegation of authority.

On page 5, Plaintiff Hunt offers his own affidavit to prove Lee's agency – stating that Lee told Hunt in the spring of 2002 that the federal government was allowing him to sell the Ritz Cabaret. However Hunt's subjective belief that Lee was authorized to act as the government's agent is irrelevant. Plaintiff cannot meet his burden of proving agency merely by claiming he believed the persons were agents. Even if Hunt had been affirmatively misled,[1] that would still not create the missing agency relation which is crucial to Plaintiff's cause of action.

---

[1] Plaintiff's own evidence shows he could not reasonably have been misled. Hunt admitted knowing about Lee's federal charges, and the Eichelberger letters which Plaintiff submits as his evidence show that Hunt was given plenty of warning that the club had been forfeited, and that the federal government was now the owner. Given Francis Lee's poor command of the English language and his clear lack of understanding of legal terminology, Hunt was certainly on notice to make further inquiries to knowledgeable sources instead of relying on Lee's ambiguous and legally naive statements.

The questions plaintiff raises on pages 7 and 8 regarding the similarities between claims Eichelberger made and the government's terms for bidding on the forfeited property do not constitute competent evidence to prove agency. Plaintiff could have asked those questions during depositions of the government agents, but Plaintiff did not seek to depose any government agents, even after he was granted several extensions of the discovery deadlines.

On pages 8-9 Plaintiff characterizes Eichelberger's letters as establishing representations by Francis Lee. However, since Eichelberger was not Lee's agent, Eichelberger's representations cannot be attributed to Lee. Thus, Eichelberger's representations are simply irrelevant.

On pages 8 and 9 plaintiff refers to the power of attorney which Francis Lee gave Linda Buck, allowing her to handle his business affairs while he was in prison. The fact that Francis Lee gave Linda Buck a power of attorney to handle his affairs while he was in prison does not help Plaintiff. Plaintiff has not attempted to, and cannot, trace any federal authority through that power of attorney.

The fact that Hunt was not notified by the U.S. Marshal Service of the online bidding process, Opp. p. 10, is irrelevant to his cause of action against Francis Lee.

The fact that Lee, in his deposition, sometimes referred to the offers as "contracts" does not make them contracts, as Plaintiff suggests on pages 10 through 12. Throughout the deposition, Lee used the terms "contract" and "offer" interchangeably. When his counsel asked him follow-up questions, he indicated he did not know the difference between an offer and a contract, and did not know the meaning of the term "binding" when asked if his offers would be binding on the government. Depo. 42-43. Plaintiff omitted those crucial lines in his quotation from page 42 of the deposition. Despite his confusing the legal terms, Lee made it clear in his deposition that he did not

5

own the Ritz Cabaret, and that he informed both Hunt and Eichelberger of that fact. Depo. pp. 7, 12. Since he was not the owner at the time, as a matter of law these documents could not be "contracts."

In short, Plaintiff's questions and inferences do not rise to the stature of competent evidence, and thus they are not enough to create a dispute of material fact as to the crucial issue of agency.

II. **Plaintiff has failed to establish that either Eichelberger or Lee were agents of the federal government, with authority to sell the Ritz Cabaret on its behalf, and therefore cannot state a cause of action under 42 U.S.C. § 1982**

On page 13, Plaintiff correctly states the elements of the § 1982 cause of action, but completely glosses over the fact that he cannot establish four of the five elements. The first element requires him to show "that the owner (or responsible party) placed the property on the open market for sale...." Undisputed evidence shows the owner at the relevant time was the federal government, and that the federal government had not yet placed the property on the open market for sale. The third element requires plaintiff to show he "communicated his willingness to the owner at a time when the property was available for sale." Again Plaintiff fails to establish this element. Plaintiff submitted no evidence that he ever communicated his willingness to purchase the property to the federal government after the property was put on the market by the Marshal Service. The fourth element was not met for the same reason – the federal government could not refuse to sell it to Plaintiff when he never made the government an offer. The fifth element clearly is not satisfied. If there is no offer and no refusal, then there cannot be any racially discriminatory purpose in the refusal. Furthermore, these elements turn on the actions of the owner or authorized agent of the owner of the real property. Here the evidence is undisputed that the owner was not Francis Lee.

6

In Part II of his Opposition, Plaintiff makes the same arguments he made in Part I. On page 13 he claims Lee and Mr. Eichelberger "represented themselves as owner and agent, respectively." That does not establish an agency relationship with the federal government. See pages 4 and 5 above. Plaintiff's argument on pages 14 and 16 that Eichelberger's correspondence establishes any of the elements was dispensed with on page 4 of this Reply. On pages 14-15 of the Opposition that Plaintiff argues his own affidavit alleging his subjective belief that Lee and/or Eichelberger were agents of the federal government somehow filled the agency gap. Defendant refuted that argument on pages 4 and 5 above. Hunt's claim on page 16 that he was never notified by the Marshal Service or Lee about the online bidding process is irrelevant.

The fact that Francis Lee signed the Gagne/Alviani document (Opp. 17-18) is not probative of federal authorization to sell the club. The document makes no mention the fact that the club was forfeited to the federal government, nor does it mention any agency relationship with the federal government.

Contrary to Plaintiff's argument on page 18, Marshal Service employee Leonard Briskman's statement do not "tend to show that Defendant Lee and Mr. Eichelberger were working with and under the authority of the government to sell the Ritz Cabaret" – as Plaintiff argued at Opp. pp. 18 & 21. Briskman unequivocally stated in his declaration that neither Lee nor Eichelberger were delegated any authority by the federal government. Hunt's suspicions do not trump the agents' sworn statements.

Plaintiff engages in a series of unsupported assumptions on page 18 – none of which are competent or relevant to proving Lee was an authorized agent of the federal government.

On pages 19 and 20 Plaintiff quotes a newspaper article about Hunt's lawsuit – which, of course, is inadmissible hearsay. Plaintiff's claim that, by virtue of this newspaper article in the Baltimore Sun, the federal government was thereby put on notice is as absurd as his claim that this is relevant to his tort claim against Lee.

Plaintiff argues on pages 18 and 21 that if "Mr. Lee was forwarding all written offers to Mr. Briskman, then Mr. Lee would have forwarded Plaintiff Hunt's offer." Since Lee did not own the property, nor was he delegated any authority or duty to sell the property on behalf of the federal government, this is irrelevant to Hunt's tort claims against Lee.

Plaintiff argues on page 21 that the issue of agency is a factual issue that should be submitted to the jury – apparently suggesting that the court cannot grant summary judgment. As one of the cases Plaintiff cites shows, that suggestion is incorrect.

> The plaintiff has the burden of proving "the existence of the principal-agent relationship, including its nature and its extent." *Id. 735 A.2d at 1048* (*citing Hofherr v. Dart Industries, Inc., 853 F.2d 259, 262 (4th Cir. 1988)*). While the question of agency is a factual one that must ordinarily be decided by the jury, "if the party alleging the existence of a principal-agent relationship fails to produce sufficient evidence to allow a reasonable fact finder to conclude that such a relationship exists, then summary judgment [is] proper on the agency issue." *Id.*

*Nat'l Mortg. Warehouse, LLC v. Bankers First Mortg. Co.,* 190 F.Supp.2d 774, 779 (D.Md. 2002).

Plaintiff having failed to submit any admissible evidence to create a factual dispute on the issue of agency, this Court should enter summary judgment for Defendant.

**III.    The pendent state defamation claim**

This Court has already ruled that it would decline to exercise supplemental jurisdiction over the state law defamation claims should the federal claims not survive this motion, therefore these claims should be dismissed as well.

8

**Conclusion**

For the foregoing reasons, the court should grant summary judgment for defendant, including an award of costs and attorney's fees pursuant to 42 U.S.C. § 1988.

                Respectfully submitted

                /S/\
                Brenda Grantland\
                265 Miller Avenue\
                Mill Valley, CA 94941\
                (415) 380-9108

                And

                /S/\
                DAVID F. ALBRIGHT, JR.\
                Bar #02234\
                Local counsel\
                Bennett & Albright, P.A.\
                200 E. Lexington St., Suite 200\
                Baltimore, MD 21202\
                (410) 727-2168\
                Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic file transfer upon Jimmy A. Bell, Law Office of Jimmy A. Bell, P.C., 9610 Marlboro Pike, Upper Marlboro, MD 20772, this 19th day of April, 2004.

                /S/\
                DAVID F. ALBRIGHT, JR.