IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| RON HUNT, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-02-2523 |
| TRACEY’S,INC., t/a RITZ CABARET, et al., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

MEMORANDUM OPINION AND ORDER

Ron Hunt has sued Tracey’s, Inc. t/a Ritz Cabaret (“Ritz Cabaret” or “the club”) and Francis Lee for defamation and for racial discrimination in violation of the Civil Rights Act of 1866.[1] Pending is the Defendants’ motion for summary judgment. For the reasons discussed below, summary judgment will be granted as to the discrimination claims; the Court will decline to exercise supplemental jurisdiction over the state law defamation claim.

BACKGROUND

The Ritz Cabaret is an adult entertainment establishment located in Baltimore, Maryland. Am. Compl. ¶ 7. From February to May 2002, Hunt met periodically with the Defendants to discuss his interest in purchasing the Ritz

---

[1] 42 U.S.C. §§ 1981-1982 (2004).

Cabaret. Pl.’s Opp’n to Mot. for Summ. J. 2. When these discussions began, the Defendants owned the club. Am. Compl. ¶ 6. On April 10, 2002, however, the club was forfeited to the federal government. Defs. Ex. A (Preliminary Forfeiture Order).

In May 2002, Hunt sent an offer to purchase the Ritz Cabaret to the Defendants. Am. Compl. ¶¶ 8-9. On May 22, 2002, the Ritz Cabaret was sold to a Caucasian buyer. Pl.’s Opp’n to Mot. for Summ. J. 2.

STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving

party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The mere existence of a “scintilla” of evidence in support of the nonmoving party’s case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

ANALYSIS

42 U.S.C. § 1981 guarantees to all citizens the same right to make and enforce contracts. *Wright v. Salisbury Club*, 632 F.2d 309, 311 (4th Cir. 1980). Section 1982 insures that all citizens will have the same right to purchase and hold real and personal property. *Id.* at 314 (*citing Jones v. Alfred H. Mayer Co.*, 392 U.S. 109 (1968)).

To prove that either statute has been violated, Hunt must show that: (1) he was a member of a racial minority; (2) he applied for and was qualified for, or otherwise ready, willing and able to buy the property on the defendants’ terms; (3) the defendants refused to sell the property to him; and (4) the

property remained available for sale thereafter on terms similar to what he offered. *Mobley v. Rosselle*, 297 F. Supp. 2d 835, 838-39 (D. Md. 2003) (*citing Pinchback v. Armistead Homes Corp.*, 907 F.2d 1447, 1451 (4th Cir. 1990)).

The Defendants assert that they did not own the Ritz Cabaret in May 2002 and had no authority to sell the establishment or to influence the terms of its sale. Defs.' Mot. for Summ. J. 1-2. Hunt counters that the government authorized the Defendants to negotiate the sale. *See generally*, Pl.'s Opp'n to Mot. for Summ. J.

To show that the Defendants were authorized to sell the club for the government, the plaintiff must prove the existence of the principal-agent relationship, including its nature and extent. *Nat'l Mortgage Warehouse, LLC v. Bankers First Mortgage Co.*, Inc., 190 F. Supp. 2d 774, 779 (D. Md. 2002). An agency relationship exists if (1) the agent is subject to the principal's right of control; (2) the agent has a duty to act primarily for the benefit of the principal; and (3) the agent has the power to alter the legal relations of the principal. *Brooks v. Euclid Sys. Corp.*, 151 Md. App. 487, 506 (2003) (*citing Schear v. Motel Mgmt. Corp. of Am.*, 61 Md. App. 670, 987 (1985); *Forrest v. P & L Real Estate Inv. Co.*,

134 Md. App. 371, 396 (2000)).

Once the property was forfeited, the United States Marshal Service ("Marshal Service") became responsible for disposing of it. Clarke Aff. Leonard Briskman, deputy chief for business management for the Marshal Service, managed the disposition of the Ritz Cabaret for the government. Briskman Aff. At no time did Briskman or anyone else in the Marshal Service delegate the authority to sell the Ritz Cabaret to the Defendants. *Id.* Although the Defendants solicited written offers to purchase the club, which were passed on to Briskman, those offers were not binding on the government. *Id.*

Because the Defendants actions were incapable of altering the legal relations of the government, the Defendants were not the government's agents. The government, not the Defendant, was fully responsible for the disposition of the Ritz Cabaret. As the Defendants lacked authority to sell the club or to affect the government's choice of buyers, it cannot be said that they refused to sell the property to Hunt. Accordingly, the Defendants' motion for summary judgment will be granted.

April 28, 2004
Date

/s/
William D. Quarles, Jr.
United States District Judge