IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RON HUNT )
)
Plaintiff, )
) Case No. 02-CV-2523
v. )
)
TRACEY'S INC., t/a/ RITZ CABARET )
)
and )
)
FRANCIS LEE )
)
Defendant. )
)

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant replies to Plaintiff's Motion to Strike as follows:

1. The Local Rules require a petition for attorneys fees to be filed within 14 days after entry of judgment. L.R. 109.2.a. However, the memorandum required by L.R. 109.2.b. – including the detailed itemization of time and expenses – is not required to be filed with the petition itself. It may be filed up to 35 days after filing the petition for attorney's fees. Defense counsel submitted their itemizations of attorneys fees and costs (though not in the Appendix B format) at the time they filed the petition for attorney's fees. Well within the 35 days allotted, defense counsel submitted the corrected memorandum in the format required by Appendix B. Because defense counsel were well within their deadlines under the local rules, they were not required to seek leave to file these documents.

2. Plaintiff's counsel asks this Court to strike Defendant's corrected memorandum because defense counsel did not seek permission from Plaintiff's counsel before filing it. If this court strikes Defendant's Errata, it will have to strike Plaintiff's Opposition to Defendant's Petition for Attorney's Fees as well. Under Local Rule 109.2.a, Plaintiff's Opposition to the motion was required to be filed within fourteen days of service of Defendant's Memorandum, itemizing attorney's fees. Defendant filed his memorandum, although not exactly in correct format, along with his motion, on May 12, 2004. Fourteen days after that – May 26, 2004 – would have been Plaintiff's deadline for filing an Opposition. Plaintiff missed that deadline. By filing his Errata on May 28, 2004, Defendant in effect gave Plaintiff an additional two weeks to file an Opposition. Thus, Plaintiff's Opposition was only timely filed if Defendant's Errata is not stricken.

3. Plaintiff claims on page 4 that he "attempted to contact Defense Counsel Grantland to seek consent" for the filing of the motion to strike, and that "Plaintiff was unable to get Attorney Grantland's consent." The evidence shows Plaintiff did not make a good faith effort to contact defense counsel before filing the Motion to Strike. Attached as Exhibit 1 is an enlargement of the message from Ms. Grantland's answering service, showing that on June 14 at 8:53 p.m. Pacific time – ***a few minutes before midnight Eastern time*** – Janelle Richards from Jimmy Bell's Office called Ms. Grantland's office asking for her consent for Plaintiff's filing of a motion to strike. Bell's office probably expected to get her voice mail, but instead got Ms. Grantland's new answering service, which automatically time stamps all incoming calls. Court records show Plaintiff's Motion to Strike was filed on June 14 at 11:48 p.m. Eastern time – ***before the call was made to Ms. Grantland's office***.

For the foregoing reason Plaintiff's motion should be denied.

Respectfully submitted

/s/
BRENDA GRANTLAND
265 Miller Avenue
Mill Valley, CA 94941
(415) 380-9108
(415) 381-6105

/s/
DAVID ALBRIGHT
Local counsel
Bennett & Albright
200 E. Lexington St., Suite 200
Baltimore, MD 21202
(410) 727-2168

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic file transfer upon Jimmy A. Bell, Law Office of Jimmy A. Bell, P.C., 9610 Marlboro Pike, Upper Marlboro, MD 20772, this 22nd day of June 2004.

/s/
DAVID ALBRIGHT