IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RON HUNT** :<br>  :<br>   Plaintiff, :<br>  :<br> v. :<br>  :<br> **TRACEY'S INC. t/a** :<br> **RITZ CABARET, et al.** :<br>  :<br>   Defendants. :<br>  : | Civil Action No: L02-CV-2523<br>(WDQ) |

### REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ERRATA AND ADDENDUM TO THE MEMORANDUM OF DEFENDANT'S COUNSEL, PETITIONING FOR ATTORNEY'S FEES

COMES NOW Plaintiff Ron Hunt, by and through counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby files this Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Errata and Addendum to the Memorandum of Defendant's Counsel, Petitioning for Attorney's Fees.

For cause, Plaintiff states the following:

1.  While Defendant contends that a petition for attorney's fees is to be filed within fourteen days after entry of judgment, and the supporting memorandum may be filed up to thirty-five days after filing the petition for attorney's fees, this does not excuse Defendant from completely failing to adhere to the mandatory guidelines outlined in Appendix B of the Rules of the U.S. District Court for the District of Maryland which regulate how Defendant is to notify Plaintiff of his intention to seek attorney's fees from the Plaintiff. The process of obtaining attorney's fees does not begin with a petition, as Defendant is contending, but begins with the submission of quarterly statements. Therefore, it is quite irrelevant whether or not Defendant's

Petition and Memorandum were filed within the necessary time frame following entry of judgment, because the Defendant completely failed to take the mandatory steps prerequisite to filing the Petition and Memorandum in the first place.

Appendix B of the Rules of the United States District Court for the District of Maryland are "**[m]andatory** rules regarding billing format, time recordation, and submission of quarterly statements" and "apply to cases in which a prevailing party would be entitled to reasonable attorneys' fees under 42 U.S.C. section 1988(b)." D. Md. Appx. B.  Appendix B further states that "Counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time.  These statements need not be in the "litigation phase" format provided in Guideline 1.b or otherwise reflect how time has been spent. The first such statement is due at the end of the first quarter in which the action is filed." Id. at c.

While the Defendant complied with the first half of Rule 109 which requires Defendant to set forth the nature of the case, the claims to which Defendant prevailed, claims as to which Defendant did not prevail, detailed description of work performed, attorney's customary fee, and a listing of expenditures for which reimbursement is sought, the Defendant completely disregarded the portion of the Rule which specifically states that "Counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time. These statements need not be in the 'litigation phase' format provided in Guideline 1.b or otherwise reflect how time has been spent. The first such statement is due at the end of the first quarter in which the action is filed." Id.

Defense Counsel completely failed to submit quarterly statements to opposing counsel showing the amount of time spent on the case and the total value of that time although this submission was required by Rule 109. Moreover, Plaintiff did not receive the first statement which was due at the end of the first quarter in which the action was filed or any subsequent statements at the end of any subsequent quarters while the action was pending, although these submissions were also mandatory under Rule 109. In fact, Plaintiff's first notification that Defense Counsel was seeking attorney's fees was with the filing of Defendant's Petition for Attorney's Fees with this Court. Although Defendant has failed to comply with the mandatory rules of this Court, Defendant is nonetheless asking this Court to circumvent mandatory protocol and award attorney's fees. As such, Defendant's Petition for Attorney's Fees should be denied for failure to comply with Rule 109 which is explicitly labeled as a mandatory prerequisite to obtaining an award for attorney's fees.

2. In response to Defendant's statements that Plaintiff did not make a good faith effort to contact Defense Counsel before filing the Motion to Strike is misleading. Plaintiff did in fact call Defense Counsel Grantland's office prior to filing the Motion to Strike. The time reflected by the ECF Filing system, is the actual time that Plaintiff entered the system to begin the filing process and does not reflect the actual time at which Plaintiff filed the Motion. Plaintiff did in fact call Ms. Grantland's office prior to uploading the Motion into the system and finalizing the filing.

3. Given the fact that Defendant admitted that it failed to "specifically state that Defendant prevailed on all claims[1]" and "neglected to state the customary fee for like work

---

[1] Plaintiff wishes this Court to note that this statement by the Defendant is misleading. The Defendant's Motion for Summary Judgment was granted as to Counts I and II of Plaintiff's Amended Complaint, and Count III was dismissed without prejudice. Moreover, this Court made no definitive determination that the Defendant did not discriminate against Plaintiff Hunt.

prevailing in the attorney's community," and later wished to have this information admitted into the record as a supplement to its previously filed Petition, Defendant should have sought leave of Court to do so.  In addition, given the fact that Defendant had previously submitted itemizations of attorney's fees and costs which did not adhere to the guidelines set forth in Appendix B, and later wished to submit itemizations of attorney's fees and costs which actually conformed to the guidelines set forth in Appendix B[2], Defendant should have sought leave of Court to do such as well.  However, Defendant never asked this Court for leave to file the aforementioned Errata and Addendum.

## CONCLUSION

WHEREFORE, Plaintiff Ron Hunt respectfully requests that this Honorable Court GRANT Plaintiff's Motion to Strike Defendant's Errata and Addendum to the Memorandum of Defendant's Counsel, Petitioning for Attorney's Fees.

Respectfully submitted,

_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. MD 14639
Counsel for Plaintiff

Dated:  July 6, 2004

---

[2] Defendant submitted itemizations of attorney's fees and costs which conformed to the requirements of Appendix B only after Plaintiff noted that Defendant had failed to do so in Plaintiff's Opposition to Defendant's Petition for Attorney's Fees.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RON HUNT**            : | |
|                         : | Civil Action No: L02-CV-2523 |
| Plaintiff,              : | (WDQ) |
|                         : | |
| v.                      : | |
|                         : | |
| **TRACEY'S INC. t/a**   : | |
| **RITZ CABARET, et al.**: | |
|                         : | |
| Defendants.             : | |

## **ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Strike Defendant's Errata and Addendum to the Memorandum of Defendant's Counsel, Petitioning for Attorney's Fees, any opposition thereto, and in the interests of justice, it is this _____ day of _____, 2004, hereby

ORDERED, that Plaintiff's Motion to Strike is GRANTED.

_____
WILLIAM D. QUARLES, JR.
U.S. District Court Judge

5