IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RON HUNT** | : |
| Plaintiff, | : Civil Action No: L02-CV-2523 (WDQ) |
| v. | : |
| **TRACEY'S INC. t/a RITZ CABARET** | : |
| and | : |
| **FRANCIS LEE** | : |
| Defendants. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S WITHDRAWAL OF RULE 11 AS BASIS FOR DEFENDANT'S PETITION FOR ATTORNEY'S FEES**

COMES NOW Plaintiff Ron Hunt, by and through counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully submits this Response to Defendant's Withdrawal of Rule 11 as Basis for Defendant's Petition for Attorney's Fees.

Plaintiff does not oppose Defendant's withdrawal of Rule 11 as a basis for Defendant's Petition for Attorney's Fees. Nonetheless, it is a point of great interest that Defendant's withdrawal of Rule 11 as a basis for Defendant's Petition for Attorney's Fees came only after Plaintiff sent a letter to Defendant dated August 11, 2004, in which Plaintiff referenced *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc.,* wherein the Circuit Court reversed the decision of the District Court which granted Rule 11 Sanctions against the Plaintiff, holding that the District Court erred in imposing sanctions because defendants did not serve their Rule 11 motion on the plaintiff before filing it with the

district court, and because defendants waited until after summary judgment to file their motion seeking sanctions. *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385 (4th Cir. 2004), appeal from the U.S. District Court for the District of Maryland, at Baltimore. (CA-98-1265-AMD). Andre M. Davis, District Judge. *See Exhibit A* – Letter from Bell to Grantland dated August 11, 2004.

In response to Defendant's assertion that he will continue to seek attorney's fees under 28 U.S.C. §1927, Plaintiff maintains that Defendant's failure to prove Plaintiff's lawsuit was frivolous, unreasonable, groundless, or brought in bad faith, precludes this Court from awarding attorney's fees to Defendant.

In response to Defendant's assertion that he will continue to seek attorney's fees under 28 U.S.C. §1988, Plaintiff is steadfast in his position that Defendant's failure to specifically comply with Rule 109 of the United States District Court for the District of Maryland precludes this Court from awarding Defendant any attorney's fees. Rule 109 specifically states that "[a]ny motion for attorneys' fees in civil rights and discrimination cases shall be prepared in accordance with the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases that are an appendix to these Rules." *D. Md. LR 109*. Appendix B further states that the Local Rules are "**[m]andatory** rules regarding billing format, time recordation, and submission of quarterly statements" and "apply to cases in which a prevailing party would be entitled to reasonable attorneys' fees under 42 U.S.C. section 1988(b)." *D. Md. Appx. B*. Appendix B further states that "Counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time. These statements need not be in the 'litigation

2

phase' format provided in Guideline 1.b or otherwise reflect how time has been spent. The first such statement is due at the end of the first quarter in which the action is filed." *Id*. at c.

Although mandatory, the Defendant completely disregarded the portion of the Rule which specifically states that "Counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time… The first such statement is due at the end of the first quarter in which the action is filed." *Id*. Moreover, Plaintiff did not receive the first statement which was due at the end of the first quarter in which the action was filed or any subsequent statements at the end of any subsequent quarters while the action was pending, although these submissions were also mandatory under Rule 109.

Plaintiff would also like to point to *Jackson v. Beard* to support Plaintiff's position that Defendant's failure to comply with the Rules of this Court precludes the awarding of any attorney's fees to Defendant. *Jackson v. Beard,* 828 F.2d 1077 (4th Cir. 1987). In *Jackson v. Beard*, the Court stated that Fed. R. Civ. P. 83 "allows district courts to promulgate rules of practice which 'have the force and effect of law, and are binding upon the parties and the court which promulgated them. *Id.* at 1078, citing *Woods Construction Co. v. Atlas Chemical Industries, Inc*., 337 F.2d 888, 890 (10th Cir. 1964)).

As Defendant has failed to comply with Rule 109 which has the force and effect of law, and further failed to prove that Plaintiff's lawsuit was frivolous, unreasonable, groundless or brought in bad faith, Defendant's Petition for Attorney's Fees should be denied by this Court.

4

        Respectfully submitted,

        _____/s/_____
        Jimmy A. Bell, Esq.
        Law Office of Jimmy A. Bell, P.C.
        9610 Marlboro Pike
        Upper Marlboro, MD 20772
        (301) 599-7620
        (301) 599-7623 (Fax)
        Counsel for Plaintiff
        Bar No. 14639