Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike ~ Upper Marlboro, MD 20772
Phone (301) 599-7620 ~ Fax (301) 599-7623
Website: www.jimbellesq.com
Email:  jimbellesq@aol.com

August 11, 2004

**<u>Via Facsimile and Regular Mail</u>**
Brenda Grantland, Esq.
265 Miller Avenue
Mill Valley, CA 94941

      Re:    <u>Hunt v. Ritz Cabaret, et al.</u>

Dear Ms. Grantland:

      We would like to bring to your attention a recent decision in the U.S. Court of Appeals for the Fourth Circuit which presents a situation almost identical to our own.  In *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc.,* the Circuit Court reversed the decision of the District Court which granted Rule 11 Sanctions against the Plaintiff, holding that the District Court erred in imposing sanctions because defendants did not serve their Rule 11 motion on the plaintiff before filing it with the district court, and because defendants waited until after summary judgment to file their motion seeking sanctions.  *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385 (4th Cir. 2004), appeal from the U.S. District Court for the District of Maryland, at Baltimore. (CA-98-1265-AMD). Andre M. Davis, District Judge.  The Circuit Court specifically stated:

> Allowing the imposition of sanctions to stand in this case, where there was not even an attempt to comply with the requirements of the safe-harbor provisions, would surely frustrate these important goals. Moreover, as discussed above, the very structure of the safe-harbor provisions makes it clear that a sanctions motion must be served and filed before the conclusion of the case.  Rule 11(c)(1)(A) provides a "safe harbor" only if the party against whom sanctions are sought in fact has an opportunity to withdraw the challenged pleading.  In this case, the defendants did not seek sanctions until after summary judgment had been granted against Brickwood, thus making it impossible for Brickwood to reconsider its position in the face of a sanctions request. *Id.* at 398.

      Given the fact that you failed to comply with the safe-harbor provisions of Rule 11(c)(1)(A) by filing a Petition for Attorney's Fees with the court without first presenting the Petition to Plaintiff, without allowing Plaintiff twenty-one days to reconsider its position in the face of a sanctions request, and by filing the Petition after summary judgment had been granted against Plaintiff, it is highly likely that your Petition will meet with the same fate as the Defendant's Rule 11 motion in the *Brickwood* case.  Moreover, shall the Court rule in our favor at the motion's hearing scheduled for September 9, 2004, Plaintiff will seek the reasonable expenses

and attorney's fees incurred in opposing the Petition as warranted by Rule 11(c)(1)(A). It is therefore in your best interest, given the relevant precedent in the Fourth Circuit, to withdraw your Petition for Attorney's Fees.

                 Sincerely,

                 Jimmy A. Bell, Esq.

cc:  David F. Albright, Jr., Esq.