IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RON HUNT | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 02-CV-2523 |
| TRACEY'S INC., t/a/ RITZ CABARET | ) |
|     and | ) |
| FRANCIS LEE | ) |
|     Defendant. | ) |

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF
RULE 52(b) MOTION TO AMEND AND FOR ADDITIONAL FACTUAL FINDINGS
AND CONCLUSIONS OF LAW ON
DEFENDANT'S PETITION FOR ATTORNEY'S FEES**

**Statement of Facts**

At the September 9, 2004 hearing on Defendant's Petition For Attorney's Fees, the Court entered an oral ruling, and a written order filed later that day which appears to be the final order on Defendant's Petition For Attorney's Fees.[1]

During the telephonic hearing the Court denied Defendant's Petition for Attorney's Fees – stating that because the Court had limited discovery Plaintiff did not have an extensive opportunity to develop a record on the issue of racial animus.  The Court stated that although the

---

[1] Oral findings of fact and conclusions of law are permissible under F.R.C.P. Rules 54(d)(2)(C) and 52(a), and no separate written judgment is required.  F.R.C.P. Rule 58(a)(1)(C).

1

case was "not frivolous perhaps" on the issue of racial animus, it "was certainly frivolous I thought with respect to the suit against someone for failing to convey a property that someone did not own." The Court's written order merely stated that the petition was denied for the reasons stated at the hearing.

The Defendant raised alternative grounds for attorney's fees: (1) that the Plaintiff knew or should have known – had he done reasonable pre-filing investigation and research – that his complaint was frivolous when he filed it;[2] and (2) that Plaintiff continued litigating after it became clear his complaint was frivolous.[3]

To the extent the Court found that the complaint was *not* frivolous when filed on the racial animus element, Defendant asks the Court to set out the "subordinate facts" relied upon in making that conclusion. In other words, what evidence did Plaintiff present that tends to show racial animus on the part of Francis Lee?

As to the other missing element, the Court found that the complaint "was certainly frivolous" in that it was based on Defendant's refusal to sell a property which he did not own. However, the Court did not state any basis for denying attorneys fees after making that finding of frivolousness.

Finally, the Court did not make any findings of fact or conclusions of law on Defendant's claim that Plaintiff continued litigating after it became clear his complaint was frivolous.

---

[2] Mem. In Support of Petition for Attorney's Fees, (Dkt# 67) p. 5-6. Reply (Dkt# 73) p. 4-7.

[3] See Mem. In Support of Petition for Attorney's Fees, (Dkt# 67) p. 8.

Defendant requests that this Court enter specific written findings of fact and conclusions of law on each these issues, as well as the issue of whether Attorney Bell should be liable for a portion of the fees, under 28 U.S.C. § 1927, for needlessly multiplying the litigation.

**ARGUMENT**

**I.     The requirement that the Court "find the facts specially"**

F.R.C.P. Rule 54(d)(2) states that, in deciding a petition for attorneys fees "[t]he court shall find the facts and state its conclusions of law *as provided in Rule 52(a)*." Emphasis added.

Rule 52(a) provides in pertinent part:

> In all actions tried upon the facts without a jury..., *the court shall find the facts specially and state separately its conclusions of law thereon*.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

Emphasis added. However, the requirements that the Court "find the facts specially" and "state separately its conclusions of law thereon" requires that the Court's ultimate conclusions be "predicated on... articulated subsidiary findings [and] reasoning." *O'Neal v. Gresham*, 519 F.2d 803, 805 (4th Cir., 1975).

> As one court has said, the requirement of Rule 52(a) "is not met by the statement of the ultimate fact without the subordinate factual foundations for it which also must be the subject of specific findings." In failing in this case to spell out the subordinate facts on which its ultimate conclusion rested, the Court left to speculation [which one of several possible alternative theories formed the basis of the ruling.] Rule 52(a) requires that the findings of "subordinate" facts resolve these issues and be set out in the findings of the District Court. Without such findings an appellate court cannot review properly the decision below.

Id., at 805-06.  See also *Federal Deposit Ins. Corp. v. Jones*, 846 F.2d 221, 240 (4th Cir., 1988) (where the grounds for decision on all issues raised were not clear from the record, the court of

3

appeals remanded for findings of fact and conclusions of law "so that on a subsequent appeal, if there be one, this court can conduct an informed review.")

In making its findings of fact, the Court should analyze "the plaintiffs' legal claim[s], the evidence adduced in support of that claim, and when the plaintiffs should have realized that the claim was groundless." *Hutchinson v. Staton*, 994 F.2d 1076, 1079 (4th Cir. 1993).

This Court ruled orally that Mr. Hunt's complaint was frivolous in that it was based on Lee's refusal to sell Hunt a parcel of real estate which he no longer owned. Defendant cannot understand how the Court logically progressed from that finding to a conclusion that Defendant's fee petition should be denied. Since Lee plans to appeal, he seeks further articulation of the Court's findings of fact and conclusions of law on each of his theories.

II. **The restriction on discovery should not result in denial of Defendant's statutory entitlement to attorneys' fees**

Under § 1988 "it is clear that defendants as well as plaintiffs are *entitled* to an award of fees," *Lotz Realty Co., Inc. V. U.S. Dept. Of Housing & Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983) (emphasis added). The only difference is the standard to be applied. The defendant must show "that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Lotz*, 717 F.2d at 931, quoting *Christiansburg*, 434 U.S. at 422.

> The clear import of the reasoning in *Christiansburg* [*Garment Co. v. EEOC*, 434 U.S. 417 (1978)] and *Carrion* [*v. Yeshiva University*, 535 F.2d 722] is that reasonable attorneys' fees should be awarded to a prevailing defendant in a [civil rights] action found to have been unreasonable, vexatious or groundless unless there exist affirmative reasons for not doing so. Both *Christiansburg* and *Carrion* point out that one purpose of [the fee-shifting statute] was to deter meritless civil rights suits. 434 U.S. at 422 n.8. This purpose would plainly be frustrated if

>district judges could refuse to grant attorneys' fees after finding a suit vexatious in the absence of any equities counseling against an award.

*Prate v. Zavaglia*, 583 F.2d 42, 46 (2nd Cir. 1978).

### A. The restriction on discovery is not a valid reason for denying fees

Once a plaintiff's civil rights case is found to be frivolous, the defendant must be awarded reasonable attorney's fees – unless special circumstances exist that would render such an award unjust. The only reason the Court gave for denying Defendant's fee petition was that Plaintiff was not allowed unrestricted discovery. That reason is not a sufficient basis for denying defense fees given the defects in the Plaintiff's case.

Even though the Court restricted discovery in its ruling on 7/21/2003, it left open discovery on the issue of Lee's capacity or agency to contract to sell the Ritz Cabaret. See Dkt # 36. Therefore the restriction on discovery did not excuse Hunt from continuing to litigate after it became clear that his claim was frivolous because Lee did not own the property and did not have the authority to sell it on behalf of the federal government.

If Plaintiff filed this racial discrimination suit without any solid evidence of racial animus – as Defendant contends, no such evidence ever having been produced – then the restriction on discovery is irrelevant. "While a lawyer may rely on discovery to reveal *additional* facts to support claims which are well grounded in fact, Rule 11 sanctions[4] are appropriate when a lawyer attempts to use discovery to support outrageous and frivolous claims for which there is *no* factual support." *In re Kunstler*, 914 F.2d 505, 515 (4th Cir. 1990). "The need for discovery to complete

---

[4] Although the attorneys fees in *Kunstler* were based on Rule 11 rather than § 1988, section 1988's requirement that a plaintiff's complaint not be frivolous or unfounded is the same standard as Rule 11's requirement that the plaintiff's complaint be well grounded in fact.

the factual basis for alleged claims is not an excuse to allege claims with no factual basis." Id. at 516. "[T]he factual inquiry necessary to file a complaint is generally satisfied if all of the information which can be obtained prior to suit supports the allegations made, even though *further* facts must be obtained through discovery to finally prove the claim." Id.

    **B.    The Court should have made findings of fact on when Plaintiff learned that his complaint was frivolous**

Plaintiff's own evidence indicates he knew prior to filing suit that the Ritz Cabaret had been forfeited to the federal government, and that Lee no longer had the capacity to enter a binding contract to sell it. The Eichelberger letters – which Lee had never seen until Hunt produced them in this litigation – talk about the property being seized by the federal government, state that the government was accepting bids and making final decisions on who was qualified, and that the sale would be conducted like an auction, with the sale going to the highest bidder among those qualified. Although those letters were not written as clearly as they could be, it was unreasonable for the plaintiff to gerrymander a strained interpretation of those letters by relying on selected language while ignoring other parts.

If there was any confusion in interpreting Eichelberger's letters, any reasonable prospective buyer wishing to spend over $1 million to purchase this property would have made further inquiries from government officials.

Plaintiff and his lawyer had ample warning that the property had been forfeited from Lee when they decided to go forward with the discrimination lawsuit. Lee's criminal case always attracted extensive television and newspaper publicity after every hearing, including the sentencing and forfeiture proportionality hearing on 9/28/2002. Plaintiff filed his complaint on

7/31/2002, and served Francis Lee on 5/6/2003. (Dkt # 18). In that interval, Hunt and his attorney would certainly have been following the media stories about this case. The docket shows that Plaintiff and/or his attorney actively courted the press. See Dkt # 12, Attachment #4 - Exhibit B "Baltimore Sun Article Titled "'Businessman Claims Discrimination in Lawsuit Over Fells Point Nightclub,' dated August 1, 2002." See also Dkt # 62 Attachment # 15 - Exhibit O, Baltimore Sun article.

If the mounting evidence that Lee did not own the property during the relevant time period did not convince him earlier, Plaintiff certainly had conclusive evidence of that fact when Defendant submitted the preliminary order of forfeiture (Dkt.# 20, filed 5/19/2003). A little legal research would have revealed that a preliminary order of forfeiture divests the criminal defendant of his interest in the property. The unlikely theory that the federal government would have authorized the criminal defendant to sell the forfeited property on its behalf was certainly debunked when Defendant submitted declarations from AUSA Martin Clarke and Marshal Service agent Leonard Briskman (Dkt # 42, filed 9/9/2003) stating that the federal government had not authorized Lee to sell the forfeited Ritz Cabaret on its behalf.

Once the federal agents in charge of the case established that there was no delegation of authority from them, there was no way Plaintiff could establish a chain of agency running from Lee to the federal government. At that point – at the very latest – Plaintiff should have conceded that he had no basis for the suit and stopped litigating. Instead Hunt continued litigating for an additional year.

Francis Lee's financial resources were completely drained by this litigation. Certainly the equities here lie with compensating Francis Lee for the money he spent successfully

defending Hunt's frivolous lawsuit, and deterring Plaintiff and his attorney from filing future frivolous discrimination suits and from continuing to litigate after learning a suit is frivolous.

## CONCLUSION

Wherefore, for the foregoing reasons this Court should amend its previous oral statement of findings of fact and conclusions of law, and make detailed findings of fact and conclusions of law consistent with the legal principles discussed above.

Respectfully submitted,

/s/
BRENDA GRANTLAND
20 Sunnyside Suite A-204
Mill Valley, CA  94941
(415) 380-9108
(415) 381-6105


/s/
DAVID ALBRIGHT
Local counsel
Bennett & Albright
200 E. Lexington St., Suite 200
Baltimore, MD 21202
(410) 727-2168

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic file transfer upon Jimmy A. Bell, Law Office of Jimmy A. Bell, P.C., 9610 Marlboro Pike, Upper Marlboro, MD 20772, this 17th day of September, 2004.

/s/
DAVID ALBRIGHT