IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RON HUNT**

    Plaintiff

v.　　　　　　　　　　　　　　　　　Civil Action No. 02-cv-2523

**TRACEY'S INC., t/a RITZ CABARET, et al.**

    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO F.R.C.P. 52(b) TO AMEND AND FOR ADDITIONAL FACTUAL FINDINGS AND CONCLUSIONS OF LAW ON DEFENDANT'S PETITION FOR ATTORNEYS' FEES**

COMES NOW Plaintiff Ron Hunt, by and through his counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion Pursuant to F.R.C.P. 52(b) to Amend and for Additional Factual Findings and Conclusions of Law on Defendant's Petition for Attorneys' Fees.

**ARGUMENT**

**I. DEFENDANT HAS NOT OFFERED ANY OF THE THREE RECOGNIZED GROUNDS FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(b).**

Courts considering motions pursuant to Federal Rule of Civil Procedure 52(b) have recognized three major grounds for granting such a motion: 1) intervening changes in controlling law; 2) availability of new evidence; 3) the need to correct clear error or prevent manifest injustice. Natural Resources Defense Council v. U.S. E.P.A., 705 F. Supp. 698, 703 (D.D.C. 1989), vacated on other grounds, 707 F. Supp. 3 (D.D.C. 1989); see also, Major v. Benton, 647

F.2d 110, 112 (10th Cir. 1981).  The Defendant's motion does not allege a change in controlling law or that new evidence has been uncovered or even that this Court's findings were clearly erroneous or resulted in manifest injustice.  Defendant has not even attempted to assert any of the above grounds, but has, instead, essentially asked this Court to re-decide Defendant's Petition for Attorneys' Fees.  Defendant's motion does nothing more than reassert the arguments presented in support of Defendant's Petition for Attorneys' Fees, which this Court has already considered and subsequently, denied.  Federal Rule of Civil Procedure 52(b) is intended to afford litigants an opportunity to ask the court to amend its findings "only to correct manifest errors of fact or law, to present newly discovered evidence, or to apply a new change in the law. <u>Renfro v. City of Emporia</u>, 732 F. Supp. 1116, 1117 (D. Kan. 1990), <u>aff'd</u>, 948 F.2d 1529 (10th Cir. 1991).  Rule 52(b) was not meant to give Defendant another opportunity to advance Defendant's alleged "right" to attorneys' fees.

Although Defendant attempts, in support of his motion, to question the sufficiency of this Court's findings, Defendant has not set forth any reasons for granting Defendant's motion outside of the fact that Defendant is dissatisfied with this Court's decision.  Defendant asserts that this Court has not complied with Federal Rules of Civil Procedure 54(d)(2)(C) and 52(a), however, Defendant has done nothing more than ask this Court to revisit its earlier ruling by misquoting case law in an attempt to force this Court to find in Defendant's favor.  While Defendant asserts that, "In making findings of fact, the Court should analyze 'the plaintiffs' legal claim[s], the evidence adduced in support of that claim, and when the plaintiffs should have realized that the claim was groundless." <u>Defendant's Motion Pursuant to F.R.C.P. 52(b)</u> at 4 (internal citations omitted), the Fourth Circuit does not mandate such a strict, inflexible analysis.  Defendant's citation to <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1079 (4th Cir. 1993), is misplaced.

2

Hutchinson did not make any such an analysis mandatory, nor did the court even mention such an analysis in its opinion. In fact, the quote Defendant employs is nothing more than the Court's recitation of the facts, proceedings, and analysis of the lower court. Id. As the Advisory Committee Notes to Rule 54(d)(2)(C) make clear, "To facilitate review, the paragraph provides that the court set forth its findings and conclusions as under Rule 52(a), though in *most cases* this explanation could be *quite brief*." Fed. R. Civ. P. 54(d)(2)(C), Advisory Committee Notes, 1993 Amendments (emphasis added). Furthermore, the Advisory Committee Notes to Rule 52(a) state, "But the judge need only make brief, definite, pertinent findings and conclusions…there is no necessity for over-elaboration of detail or particularization of facts. Fed. R. Civ. P. 52(a), Advisory Committee Notes, 1946 Amendments.

Federal Rule of Civil Procedure 52(a) itself states that "It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court…" As such, this Court's oral statements have complied with all pertinent Federal Rules of Civil Procedure. Thus, as Defendant has not asserted a change in law, the availability of new evidence, or the need to correct clear error or manifest injustice, and a Rule 52(b) motion is not the appropriate venue for Defendant to air its dissatisfaction with this Court's decisions, Defendant's motion must be denied.

**II.     THE LAW OF THE CASE DOCTRINE APPLIES AND THIS COURT'S DECISION DENYING DEFENDANT'S PETITION FOR ATTORNEYS' FEES SHOULD NOT BE DISTURBED ABSENT NEW EVIDENCE, NEW ARGUMENTS OR CLEAR ERROR**

According to the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Columbus-America Discovery Group v. Atl. Mut. Ins. Co., 203 F.3d 291, 304 (4th Cir. 2000) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The doctrine does not apply if the

3

parties have presented new evidence or new arguments, or if the prior ruling is legally erroneous. Dow v. Jones, 311 F. Supp. 2d 461, 465-466 (D. Md., 2004); Major v. CSX Transp., 278 F. Supp. 2d 597, 615-16 (D. Md. 2003).  As stated in Section I, Defendant has not even attempted to present new evidence, new arguments or assert that this Court's decision was erroneous. See generally, Defendant's Motion Pursuant to F.R.C.P. 52(b).  Defendant had ample opportunity to present his arguments in support of Defendant's Position for Attorneys' fees.  Specifically, Defendant first filed his Petition for Attorneys' Fees on May 12, 2004 and filed his Reply Memorandum on June 10, 2004.  This Court held a telephonic hearing on September 9, 2004, affording Defendant an opportunity to be heard, in open court, in regards to Defendant's Petition for Attorneys' fees.  At that hearing, this Court stated orally, on the record, its decision and its reasons for denying Defendant's Petition for Attorneys' fees.

Defendant's present motion is frivolous in light of the law of the case doctrine as Defendant has done nothing more than attempt to re-litigate his previous Petition for Attorneys' fees.  Defendant has not presented any new evidence or arguments or even asserted any error on the part of this Court, all Defendant has done is voice his dissatisfaction with this Court's decision.  According to the law of the case doctrine, this Court must deny Defendant's motion.

### III. DENYING DEFENDANT'S PETITION FOR ATTORNEYS' FEES IS WELL WITHIN THE SOUND DISCRETION OF THIS COURT

This Court has discretion as to whether or not to award attorneys' fees to prevailing defendants according to 42 U.S.C. §1988. Hutchinson v. Staton, 994 F.2d 1076, 1080 (4th Cir. 1993).  Such an award may only be issued where it has been found that Plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Lotz Realty Co., Inc. v. United States Dept. of Housing and Urban Development, 717 F.2d 929, 931 (4th Cir. 1983).  Although Defendant seems to be asserting that this Court

4

*must* award Defendant attorneys' fees in light of the findings made by this Court on September 9, 2004, Defendant's assertions are not supported by the law. An award of attorneys' fees to a defendant is discretionary, not mandatory as Defendant's have inaccurately asserted. <u>Hutchinson</u>, 994 F.2d 1076, at 1080; <u>Patton v. County of Kings</u>, 857 F.2d 1379, 1381 (9th Cir. 1988); <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1272 (2nd Cir. 1986). Furthermore, this Court did not find Plaintiff's Complaint to be entirely frivolous, unreasonable, or without merit, as Defendant admits in his current motion. <u>Defendant's Motion</u> at 2.

Denial of Defendant's Petition for Attorneys' fees was well within the sound discretion of this Court and, as stated above, a Rule 52(b) motion was not intended to allow litigants an opportunity to voice their dissatisfaction with a court's prior decisions. As such, this Court must deny Defendant's motion.

Respectfully submitted,

____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. MD 14639

Dated: October 4, 2004