IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RON HUNT | ) |
| Plaintiff, | ) ) ) ) Case No. 02-CV-2523 |
| v. | ) ) |
| TRACEY'S INC., t/a/ RITZ CABARET | ) ) ) |
| and | ) ) |
| FRANCIS LEE | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO RULE 52(b) MOTION
TO AMEND AND FOR ADDITIONAL FACTUAL FINDINGS
AND CONCLUSIONS OF LAW ON
DEFENDANT'S PETITION FOR ATTORNEY'S FEES**

Plaintiff argues in his Opposition to Defendant's Rule 52(b) motion that Defendant has not raised proper grounds for a Rule 52(b) motion. Despite Plaintiff's suggestions, Defendant is not claiming that the court's fact-finding was clearly erroneous. Defendant whole-heartedly agrees with the Court's finding that the complaint "was certainly frivolous I thought with respect to the suit against someone for failing to convey a property that someone did not own." Instead, Defendant's claim is that the court's findings of fact and conclusions of law were incomplete, in that the court failed to make findings on some of the issues, and did not explain the "subordinate facts" it relied on to reach the conclusion that attorneys fees should be denied despite the fact that the court found Plaintiff's complaint frivolous with respect to Lee's lack of ownership of the property. See Memorandum of Points and Authorities supporting Defendant's Rule 52(b) motion states on pages

1

2-4. Defendant's Petition for Attorney's Fees argued two theories justifying an attorneys fee award: (1) that the Plaintiff knew or should have known that the complaint was frivolous when it was filed, and (2) that Plaintiff continued litigating after it became clear that his claim was frivolous. Defendant made those claims as to two different elements which were missing from Plaintiff's cause of action: racial animus, and ownership of the property. The ruling of this court is not complete unless there are findings of fact and conclusions of law resolving all of these issues.

Plaintiff cites several cases interpreting Rule 52(b), but ignores the text of the rule itself. The rule provides: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – *or make additional findings* – and may amend the judgment accordingly." Defendant showed that this court's findings of fact and conclusions of law fall short of the requirements of Rules 54(d)(2) and 52(a) that "the court shall find the facts specially and state separately its conclusions of law." The purpose of this rule is to prevent the Court of Appeals from having to remand for additional factual findings. "Without such findings an appellate court cannot review properly the decision below." *O'Neal v. Gresham*, 519 F.2d 803, 806 (4th Cir. 1975).

It was clear error of the Court to fail to make the required findings of fact and conclusions of law on each of the issues raised by Defendant. Rule 52(a) requires it. Although this requirement can be fulfilled by oral statements recorded in open court, the requirement that the Court "find the facts specially and state separately its conclusions of law" on each ground for attorneys fees raised applies whether the findings and conclusions are made orally in open court or in writing. Rule 52(a).

Plaintiff's law of the case doctrine is frivolous. If that doctrine prevented the court from altering, amending or supplementing its findings of fact and/or conclusions of law, there would be no Rule 52(b).

Plaintiff's argument that the court has discretion to deny fees suggests that this discretion is at the complete whim of the judge. That is not the case.

> The clear import of the reasoning in *Christiansburg* [*Garment Co. v. EEOC*, 434 U.S. 417 (1978)] and *Carrion* [*v. Yeshiva University*, 535 F.2d 722] is that ***reasonable attorneys' fees should be awarded to a prevailing defendant in a [civil rights] action found to have been unreasonable, vexatious or groundless unless there exist affirmative reasons for not doing so.*** Both *Christiansburg* and *Carrion* point out that one purpose of [the fee-shifting statute] was to deter meritless civil rights suits. 434 U.S. at 422 n.8. This purpose would plainly be frustrated if district judges could refuse to grant attorneys' fees after finding a suit vexatious in the absence of any equities counseling against an award.

*Prate v. Zavaglia*, 583 F.2d 42, 46 (2nd Cir. 1978) (emphasis added). The only reason the Court gave for denying fees was the court's restriction on discovery – imposed after the court came close to dismissing the case on Defendant's Rule 12(b) motion – which limited discovery to the issue of Lee's ownership or agency relationship to the federal government with regard to the sale of the property. Since there was no restriction at all upon discovery on that issue, the Court cannot rely on the restriction on discovery to excuse Plaintiff from liability for attorneys fees on the very ground that the Court found the complaint to be frivolous: that Lee did not own the property.

On appeal, Francis Lee is entitled to have the appellate court review the decision to deny attorneys fees on each of the grounds Defendant raised.

Wherefore, this Court should issue written findings of fact and conclusions of law on each of these issues.

Respectfully submitted,

_____/s/_____
BRENDA GRANTLAND
20 Sunnyside Suite A-204
Mill Valley, CA  94941
(415) 380-9108
(415) 381-6105
_____/s/_____
DAVID ALBRIGHT
Local counsel
Bennett & Albright
200 E. Lexington St., Suite 200
Baltimore, MD 21202
(410) 727-2168

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic file transfer upon Jimmy A. Bell, Law Office of Jimmy A. Bell, P.C., 9610 Marlboro Pike, Upper Marlboro, MD 20772, this 11th day of October, 2004.

_____/s/_____
DAVID ALBRIGHT