JUDGMENT

FILED: January 5, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 05-1016
CA-02-2523-WDQ

RON HUNT

    Plaintiff - Appellee

v.

FRANCIS LEE

    Defendant - Appellant

and

RITZ CABARET, a/k/a Tracy, Incorporated

    Defendant

---

Appeal from the United States District Court for the
District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate

s. Patricia S. Connor
_____
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1016

RON HUNT,

              Plaintiff - Appellee,

  versus

FRANCIS LEE,

              Defendant - Appellant,

  and

RITZ CABARET, a/k/a Tracy, Incorporated

              Defendant.

-----

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CA-02-2523-WDQ)

-----

Submitted: November 30, 2005    Decided: January 5, 2006

-----

Before NIEMEYER, KING, and DUNCAN, Circuit Judges

-----

Affirmed by unpublished per curiam opinion.

-----

Brenda Grantland, Mill Valley, California, for Appellant. John J. Hathway, Thomas Mugavero, WHITEFORD, TAYLOR & PRESTON, L.L.P., Washington, D.C., for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit See Local Rule 36(c).

PER CURIAM:

Francis Lee appeals the district court's order denying his petition for attorney's fees and costs pursuant to 42 U.S.C § 1988 (2000) and 28 U.S.C. § 1927 (2000). We affirm.

Ron Hunt and Francis Lee were owners of adult entertainment establishments otherwise known as "gentlemen's clubs." From February to May 2002, Hunt met periodically with Lee to discuss his interest in purchasing Lee's club, the Ritz Cabaret When these discussions began, Lee owned the club. While negotiations were ongoing, however, Lee pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2000) and the Ritz Cabaret was forfeited to the Government

Nevertheless, discussions continued between Hunt and Joerg Eichelberger, a man Hunt believed was Lee's real estate agent. The discussions culminated in an offer from Hunt that matched Eichelberger's demands ($1.6 million and six percent buyer's premium). In the course of their correspondence, Eichelberger referenced the forfeiture, but only as an explanation why he could not provide documentation relevant to the proposed sale. Significantly, Eichelberger's repeated written statements suggested that both Lee and Eichelberger retained some control over the property, or at the very least, over the solicitation of offers to purchase the Ritz Cabaret

2

In fact, it appears that Lee and Eichelberger did indeed solicit such offers. Leonard Briskman, an employee of the United States Marshal's Service (the "Marshal's Service", attested that he was assigned the task of managing the disposition of the Ritz Cabaret. Briskman explained that the property was to be through an online auction service. Briskman stated that Lee Eichelberger were never authorized to sell the Ritz Cabaret on behalf of the Government; however, Briskman acknowledged that Lee did solicit several written offers that were passed on to the Marshal's Service via Briskman. The property was eventually sold to the highest online bidder for $1,075,000

While Lee was incarcerated, he also signed a contract of sale, ostensibly conveying the Ritz Cabaret to Philip Bast Gagne and Dennis Alviani for $1.3 million. Lee entered into the contract despite Hunt's then-standing offer of $1.5 million and repeated attempts to negotiate with Eichelberger. Hunt alleges purchasers of the club were Caucasian; Hunt is African-American. A former employee of Lee's also claimed that Lee made disparaging remarks about Hunt, including a comment that he preferred the club be sold to a "white man." On this basis, Hunt filed a complaint in the district court, claiming defamation and racial discrimination in violation of 42 U.S.C. §§ 1981 and 1982 (2000).

Lee moved to dismiss Hunt's complaint, asserting that he lacked contractual capacity to sell the property due to the

3

forfeiture. Because no discovery had been taken, the court was unable to resolve the agency issue. Thus, the court denied the motion to dismiss, ordered the parties to conduct discovery on the issue of Lee's capacity to contract, and further ordered that the parties file dispositive motions by October 2003. At conclusion of discovery, the court granted Lee's motion for summary judgment. The district court nonetheless denied Lee's motions for attorney's fees and costs. The instant appeal followed

On appeal, Lee claims that the district court erred in refusing to award attorney's fees under 42 U.S.C. § 1988 (2000). Under § 1988(b), a district court may award attorney's fees to the prevailing party in a civil rights action. A district court's denial of fees is reviewed for abuse of discretion. Johnson v. City of Aiken, 278 F.3d 333, 336 (4th Cir. 2002).

The Supreme Court has held that a prevailing defendant is entitled to recover attorney's fees under § 1988(b) only if lawsuit was frivolous, unreasonable, or groundless, or if plaintiff continued to litigate after it clearly became so Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978) Thus, when awarding attorney's fees under a civil rights statute, "prevailing defendants are to be treated differently prevailing plaintiffs, even though the statutory language is neutral." Bryant Woods Inn, Inc. v. Howard County, Md., 124 F.3d 597, 606 (4th Cir. 1997). In so ruling, the district court

carefully analyzes plaintiffs' legal claim, the evidence adduced in support of that claim, and when plaintiffs should have realized that the claim was groundless. Hutchinson v. Staton, 994 F.2d 1076, 1079 (4th Cir. 1993). We cannot conclude that Hunt's claim of racial animus was without legal basis or factual foundation.

Arguably, the district court referred to Hunt's complaint as "frivolous." As this court stated in Arnold v. Burger King Corp., 719 F.2d 63, 68 n.7 (4th Cir. 1983), there are "varying degrees of frivolousness." The district court noted that the complaint was not demonstrably frivolous on the question of racial animus, although the claim that Lee had the authority to convey the property *ultimately* lacked a factual underpinning. The totality of the district court's findings indicate that the court did not intend, by its use of the term, to connote that Hunt's claim was so utterly baseless as to warrant sanctions. Where, as here, a case is not absolutely groundless, an award of attorney's fees is not compelled.

Moreover, a finding of bad faith is a necessary precondition to imposition of fees on an attorney under 28 U.S.C. § 1927 (2000). See Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). Section 1927 provides: "Any attorney or other person admitted to conduct cases . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

5

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Although the litigation in this case was contentious, we do not find Hunt or his counsel engaged in the duplicative or unnecessary filings that would trigger sanctions under § 1927.

"Discretion allows district courts latitude in determining fee awards--even those that an appellate court might initially have set in a different amount." See <u>Carroll v. Wolpoff & Abramson</u>, 53 F.3d 626, 631 (4th Cir 1995). Clearly, Hunt's counsel could have conducted more comprehensive pre-filing discovery. Nevertheless, Hunt's claim of racial animus was not frivolous on its face. Moreover, the threshold legal issue--not only Lee's *capacity* to contract but his *agency* to contract--was not clearly determined at the outset of the litigation. Given these facts, coupled with the district court's discretion, we find that the district court did not abuse its discretion when it denied Lee's petition.

Accordingly, we affirm the district court's denial of attorney's fees and costs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process

<u>AFFIRMED</u>

6